UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

------------------------------------------ x
In the Matter of The Complaint :
:
:
of :
:
: **VERIFIED COMPLAINT**
Sea Star Lines, LLC, d/b/a TOTE Maritime :
Puerto Rico, as Owners; and TOTE Services, :
Inc., as Owner *pro hac vice* of the S.S. EL :
FARO for Exoneration from or Limitation of :
Liability :
------------------------------------------ x

Plaintiffs, Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico, and TOTE Services, Inc. (hereafter collectively "Plaintiffs"), by their attorneys Holland & Knight LLP, for their Verified Complaint seeking exoneration from or limitation of liability, allege upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims.

2. Venue is proper in this district pursuant to Rule F(9) of the Supplementary Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. Plaintiffs have been sued in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, within the geographical district of the United States District Court for the Middle District of Florida, in the United States District Court for the Middle District of Florida, Jacksonville Division, and in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for claims with respect to which Plaintiffs seek exoneration from or limitation of liability.

#37469599_v4

3. Plaintiff Sea Star Line, LLC d/b/a TOTE Maritime Puerto Rico, at all pertinent times was and now is a limited liability company organized and existing under the laws of Delaware with an office and principal place of business in Jacksonville, Florida. It was at all relevant times the registered Owner of the S.S. EL FARO.

4. Plaintiff TOTE Services, Inc. at all pertinent times was and now is a corporation organized and existing under the laws of Delaware with its office and principal place of business in Jacksonville, Florida. At all relevant times, it was the Owner *pro hac vice* of the S.S. EL FARO. TOTE Services, Inc. assumed and performed virtually all the duties of a shipowner except cargo operations and insurance coverage. Among other responsibilities undertaken, TOTE Services, Inc. maintained and repaired the Vessel and hired her master and crew and negotiated and maintained relationships with unions representing the master and crew. TOTE Services, Inc. ensured that the master and crew were properly trained and met the applicable requirements of the Vessel's flag state, the United States; it also handled the financial administration of the crew.

5. TOTE Services, Inc. ensured that the Vessel complied with the ISM Code and the ISPS Code and the requirements of the United States Coast Guard and the American Bureau of Shipping, the Vessel's classification society. TOTE Services, Inc. also victualed the Vessel including providing all the necessary supplies, as well as maintenance parts and equipment. In addition, TOTE Services, Inc. appointed port agents, attorneys, adjusters, or surveyors as required.

6. The S.S. EL FARO was a roll on – roll off and container (ro/ro container) vessel of 31,515 gross tons, registered under the laws of the United States.

7. On September 29, 2015, the S.S. EL FARO commenced a voyage from Jacksonville, Florida to San Juan, Puerto Rico.

8. Prior to commencement of the voyage and at all times, Plaintiffs exercised due diligence to make the S.S. EL FARO seaworthy in all respects and to equip and supply the S.S. EL FARO with suitable engines, machinery, apparel, appliances, personnel, and other appropriate and necessary equipment, all in good order and condition and suitable for their intended operations.

9. Before departure and during the voyage, the master monitored a tropical storm, which later developed into Hurricane Joaquin. After departure and during the voyage, the master altered the planned course for S.S. EL FARO to account for the hurricane's expected track. On the morning of October 1, 2015, the master reported by telephone that the S.S. EL FARO was experiencing a list and had lost propulsion. Shortly thereafter, while enveloped in Hurricane Joaquin, the S.S. EL FARO sent emergency messages which were received by the U.S. Coast Guard Rescue Coordination Center. Despite a massive search and rescue effort, the S.S. EL FARO was not found and no further contact was made with her master or crew.

10. The S.S. EL FARO was in all respects seaworthy and properly manned, equipped, and supplied with suitable engines, machinery, apparel, appliances, personnel, and other appropriate and necessary equipment, all in good order and condition and suitable for their intended operation.

11. The loss of the S.S. EL FARO, her crew, a Polish riding crew contracted from Intec Maritime Offshore Service Corp. by TOTE Services, Inc., and cargo was not due to any fault, neglect or want of care on the part of Plaintiffs, their master, crew, employees, agents, or servants of the S.S. EL FARO, or those for whose acts Plaintiffs may be responsible.

12. If any fault caused or contributed to the loss of the S.S. EL FARO, her crew, riding crew, and her cargo, which is denied, such fault was occasioned and occurred without the privity or knowledge of Plaintiffs or any of their members, managers, directors, officers, stockholders, or, at or before the voyage, without the privity or knowledge of her master, any superintendent, managing agent, or those for whose acts Plaintiffs may be responsible.

13. The value of the S.S. EL FARO is zero. Pending freight is valued at $2,072,703.50. The death claims fund of $420 per gross registered ton produces a fund of $13,236,300.00. Subject to an express reservation of rights, Plaintiffs offer an ad interim stipulation of value in the amount of $15,309,003.50, which value is expected to be substantially less than the amount which will be claimed for losses or damages arising by reason of the loss of the S.S. EL FARO.

14. As a consequence of the aforesaid events, proceedings have been instituted against Plaintiffs in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, in the United States District Court for the Middle District of Florida, Jacksonville Division, and in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiffs anticipate that numerous claims arising out of the aforesaid voyage will be brought against them, but the identity of all such claimants and amounts of these claims have not yet been determined.

15. This Complaint is filed within six (6) months after the loss of the Vessel and thus within six (6) months of receipt of any claim.

16. Plaintiffs claim exoneration from liability for any and all losses or damages sustained during the voyage aforesaid and from any and all claims for damages that have been or

may hereafter be made, and Plaintiffs allege that they have valid defenses thereto on the facts and the law.

17. Plaintiffs further claim the benefits of limitation of liability provided by 46 U.S.C. §§ 30505-30511 and the various statutes supplementary thereto and amendatory thereof; to that end, Plaintiffs are ready and willing to give a stipulation with sufficient surety for the payment into Court of the value of its interest in the pending freight, plus the 46 U.S.C. § 30506 fund for death claims according to statute and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

18. Plaintiffs further claim the benefit of an injunction under Rule F(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, enjoining the further prosecution of any action or proceeding against Plaintiffs their owners, master, crew, employees, or agents or their property with respect to any claim subject to exoneration or limitation in this action.

**WHEREFORE**, Plaintiffs pray:

(a) That this Court make an order directing Plaintiffs to file an ad interim stipulation to be approved by the Court for the payment into Court for the benefit of claimants of the value of Plaintiffs' interest in the S.S. EL FARO at the end of the voyage including pending freight plus the $420 per ton fund for death claims as aforesaid with interest at the rate of 6% per annum from the date of said security, or whenever the Court shall so order.

(b) That on the filing of the ad interim stipulation, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all

actions, suits, or legal proceedings of any kind against Plaintiffs and their insurer and underwriter, their owners, master, crew, employees, and agents and against any other property owned by Plaintiffs, other than in these proceedings;

(c) That this Court make an order directing the issuance of a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on Plaintiffs' attorneys a copy thereof on or before a date to be named in the notice.

(d) That this Court in this proceeding adjudge that Plaintiffs their owners, master, crew, employees, and agents are not liable for any loss or damage arising out of the aforesaid voyage; if Plaintiffs their owners, master, crew, employees, or agent shall be adjudged liable, that such liability be limited to the value of their interest in the S.S. EL FARO including her pending freight as aforesaid at the end of the voyage, and the $420 per gross registered ton fund for death claimants, and that Plaintiffs their master, crew, employees, and agents be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid as aforesaid, be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, reserving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Plaintiffs their owners, master, crew, employees, and agents from all further liability.

(e) That Plaintiffs may have such other and further relief as the justice of the cause may require.

Dated:   October 30, 2015

HOLLAND & KNIGHT LLP

_____
George D. Gabel, Jr.
Florida Bar No. 27220
Suzanne Judas
Florida Bar No. 862037
Timothy J. Conner
Florida Bar No. 0767580
Lawrence J. Hamilton
Florida Bar No. 335691
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

Of counsel

Chester D. Hooper (BBO #625025)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700 (telephone)
(617) 526-6850 (facsimile)

Vincent J. Foley (New York Bar 2805117)
HOLLAND & KNIGHT LLP
31 West 52 Street
New York, NY  10019

# **VERIFICATION**

STATE OF FLORIDA
COUNTY OF DUVAL

BEFORE ME, the undersigned authority, on this date, personally came and appeared __Timothy Nolan__, who being duly sworn, on his oath, deposed and stated the following:

That he is <u>President of Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico</u>, which is the owner of the vessel __S.S. EL FARO__ at all times relevant to this Complaint.

That he has read the foregoing Complaint and knows the contents thereof, that the same are true of his own personal knowledge and that the sources of his information are documents of and communications with the company and/or its employees.

_____

By: Timothy Nolan
As: President of Sea Star Lines, LLC

SWORN AND SUBSCRIBED, before me, this 30th day of October 30, 2015.

_____
Notary Public
State of Florida

CHARLIE SASS
Commission # FF 087815
Expires January 30, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

8

#37469599_v4