UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

In the Matter of The Complaint

of

SEA STAR LINES, LLC d/b/a Tote
Maritime Puerto Rico, as owner, and
TOTE SERVICES, INC., as owner *pro hac vice* of the S.S. EL FARO, for
Exoneration from or Limitation of
Liability.

Case No. _____

_____/

## PLAINTIFFS' MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE AND ACCOMPANYING MEMORANDUM OF LAW

Plaintiffs, Sea Star Line, LLC ("Sea Star") and Tote Services, Inc. ("Tote"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 3.01, hereby move the Court for an Order granting Plaintiffs leave to serve two third-party subpoenas, attached hereto as Exhibit A and Exhibit B, prior to a Rule 26(f) conference. In support hereof, Plaintiffs state as follows:

1.  This action arises out of the tragic disappearance of the S.S. EL FARO during its voyage from Jacksonville, Florida to San Juan, Puerto Rico, when Hurricane Joaquin unforeseeably changed its course and enveloped the vessel.

2.  Plaintiffs, as the owner and owner *pro hac vice* of the vessel have filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C §§ 30501 et seq.

1

3. Under Local Admiralty Rule 7.06 and Supplemental Rule F, Plaintiffs are required to give notice of this action to all persons who may potentially possess claims with respect to which the Complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the Plaintiffs a copy thereof. The parties to the proceeding are not established until the passing of the deadline for filing claims.

4. Plaintiffs desire to give proper notice of this action and communicate intelligently with all affected claimants regarding the possibility of resolving their claims, including the representatives of seamen on board the vessel at the time of its disappearance or, when represented, their counsel.

5. Plaintiffs have communicated with the Seafarers International Union ("SIU") in an effort to obtain information that would aid Plaintiffs in intelligently communicating with representatives of the seamen on board the vessel about the economic aspect of their claims, but the SIU has informed Plaintiffs that, pursuant to internal policy, the SIU will not divulge information regarding the seamen without a court order or subpoena.

6. Additionally, Plaintiffs desire to obtain information from the American Maritime Officers Union ("AMO") that would similarly assist Plaintiffs in intelligently communicating with representatives of the seamen on board the vessel about the economic aspect of their claims, but AMO has not yet divulged the information.

7. Further complicating the issue, because of the detailed notice requirements and the fact that there are not any defendants to the action at this point in time, it is unknown when a case management conference can be scheduled, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05. Ordinarily, the parties are required to meet within 60 days of the first appearance

of any defendant. M.D. Fla. R. 3.05(c)(2)(B). Nevertheless, here, there are numerous possible claimants some or all of which may appear at various times, depending on a number of factors.

8. Granting Plaintiffs leave to issue the attached third-party subpoenas will aid the parties and the Court in the orderly disposition of this matter.

9. With respect to lawsuits already filed, Sea Star and Tote will serve a copy of the third-party subpoenas on counsel of record in the following actions: (1) Addreisha Shirliea Jones, as Personal Representative of the Estate of Jackie Jones, Jr. v. Sea Star Line, LLC et al. Case No. 3:15-cv-01266-HES-PDB (M.D. Fla.); (2) Joanna Johnson, as Personal Representative of the Estate of Lonnie Jordan v. Tote Services Inc. et al., Case No. 16-2015-CA-006542 (Fla. 4th Jud. Cir.); (3) Tina Riehm, as Personal Representative of the Estate of Jeremie H. Riehm, deceased v. Sea Star Line, LLC et al., Case No. 16-2015-CA-6626 (Fla. 4th Jud. Cir.); and (4) Tinisha Renee Thomas, individually, as Personal Representative, and on behalf of the Estate of Anthony Shawn Thomas v. Sea Star Line, LLC et al. (Fla. 17th Jud. Cir.).

10. A proposed Order accompanies this motion.[1]

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs leave to serve two third-party subpoenas, attached hereto as Exhibit A and Exhibit B, and awarding any further relief that this Court deems just and proper.

---

[1] The undersigned is mindful that the Administrative Procedures for Electronic Filing, United States District Court, Middle District of Florida IV(A)(4) (2015) provides that "[n]o proposed order or judgment may be submitted unless authorized by the assigned judge." Nevertheless, in light of the emergency nature of these limitation proceedings, including the associated injunction and notice requirements, the undersigned has been unable to obtain prior authorization and believes that a proposed order would aid the Court in its timely disposition of this matter. It is within this Court's discretion to waive this prohibition. See United States v. Ervin, 601 F. App'x 793, 797 (11th Cir. 2015) ("[I]t was within the district court's discretion to waive the Local Rule's formal notice requirement based on a lack of prejudice to Ervin.").

## MEMORANDUM OF LAW

Discovery is normally barred prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Nevertheless, this Court has broad discretion in managing discovery. Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005). As such, the Court may authorize early discovery before the Rule 26(f) conference for the parties' and witness' convenience and in the interests of justice. Fed. R. Civ. P. 26(d); Malibu Media, LLC v. Doe, No. 2:13-CV-259-FTM-99, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013) (granting early discovery to serve a third-party subpoena). In determining whether to permit early discovery, courts in this district typically evaluate whether the movant has demonstrated "good cause." Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08CV310T27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) ("A court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'").

Plaintiffs respectfully submit that they have demonstrated good cause for the Court to permit the issuance of two limited third-party subpoenas prior to the Rule 26(f) conference. First, Plaintiffs have a significant interest in providing possible claimants with adequate notice of these proceedings and communicating with them or their counsel intelligently regarding the economic aspect of their claims. Second, in light of the notice requirements and unique procedural necessities of this case, a proper Rule 26(f) conference likely will not be possible within the time constraints of Local Rule 3.05(c)(2)(B).

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs leave to serve two third-party subpoenas, attached hereto as Exhibit A Exhibit B, and awarding any further relief that this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, Plaintiffs have been unable to confer with possible claimants as none have appeared.

Respectfully Submitted this 30th day of October, 2015.

**HOLLAND & KNIGHT LLP**

/s/ George D. Gabel, Jr.
George D. Gabel, Jr.
Florida Bar No. 27220
Suzanne Judas
Florida Bar No. 862037
Timothy J. Conner
Florida Bar No. 0767580
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

Of Counsel

Chester D. Hooper (BBO #625025)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700 (telephone)
(617) 526-6850 (facsimile)

Vincent J. Foley (New York Bar 2805117)
HOLLAND & KNIGHT LLP
31 West 52 Street
New York, NY  10019

*Attorneys for Sea Star Lines, LLC and Tote Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel of record via the EM/ECF system this 30th day of October, 2015.

_____
Attorney