### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

### IN ADMIRALTY

| | |
|---|---|
| **In the Matter of The Complaint**<br><br>**of**<br><br>**Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO for Exoneration from or Limitation of Liability** | **Case No. 3:15-cv-1297-HES-MCR** |

## <u>MOTION TO AMEND THE ORDER APPROVING AD INTERIM STIPULATION, DIRECTING ISSUANCE OF NOTICE AND RESTRAINING PROSECUTION OF CLAIMS</u>

Plaintiffs move to amend the fourth paragraph of the Order Approving Ad Interim Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims filed by this Honorable Court on November 4, 2015 (the "Order"). A copy of the Order is attached as **Exhibit A**. Plaintiffs request that the wording of the last line of the fourth paragraph be changed from "interest of six percent per annum from the date hereof, within ten (10) days from the date hereof." to: "interest of six percent per annum from the date hereof, within ten (10) days after any order of this Court that it shall do so." This change is necessary to conform the Order to the Ad Interim Stipulation of Value and Stipulation for Costs ("Ad Interim Stipulation"), which was approved by the Order we request be amended. A copy of the Ad Interim Stipulation is attached as **Exhibit B**. A copy of the Order with the amendment this motion seeks is attached as **Exhibit C**. The third paragraph of the Ad Interim Stipulation reads as follows:

> NOW THEREFORE, Steamship Mutual Underwriting Association Limited, hereby undertakes by its attorney-in-fact Holland & Knight LLP, 50 North Laura Street, Suite 3900, Jacksonville, Florida 32202

that it will pay into the Court, the sum of $15,309,003.50 U.S. Dollars, with interest at a rate of six percent (6%) per annum from the date hereof, within ten (10) days after any order of this Court that it shall do so.  Until any such order of this Court, this Ad Interim Stipulation shall stand as security for all claims in these proceedings for Exoneration from or Limitation of Liability.

As more fully explained in the memorandum of law accompanying this motion, the Ad Interim Stipulation from the Steamship Mutual Underwriting Association Limited ("Steamship Mutual") is to "stand as security for all claims in these proceedings for Exoneration from or Limitation of Liability."  The sentence preceding this quoted sentence promises to pay the sum of $15,309,003.50 with interest of six percent per annum into the Court within ten (10) days after any order of this Court that it shall do so.  If any claimant wished Steamship Mutual to pay that sum into the Court, before a judgment and after appeals, if any, that request would be opposed, and the Court would of course decide whether pre-judgment payment into the Court was justified.  If the Court were to order payment, Plaintiffs would request leave to post security pursuant to Rule 65.1 of the Federal Rules of Civil Procedure.

WHEREFORE, it is respectfully requested that the fourth paragraph of the Order be amended to read:

**IT IS FURTHER ORDERED AND ADJUDGED** that Steamship Mutual Underwriting Association Limited, on behalf of Plaintiffs' interest in the Vessel, pending freight, and $420 per gross registered ton death claim funds, shall pay into the Court, the sum of $15,309,003.50 plus interest of six percent per annum from the date hereof, within ten (10) days after any order of this Court that it shall do so.

## MEMORANDUM OF LAW

Plaintiffs, Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico, and TOTE Services, Inc. (collectively, "Plaintiffs"), by their attorneys Holland & Knight LLP, respectfully submit this memorandum of law in support of their Motion to Amend the Order Approving Ad Interim Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims, issued on November 4, 2015, in accordance with the amended language set forth in the above motion.

## POINT I

**THE DEPOSIT OF APPROVED SECURITY WITH THE COURT IS AN OPTION PROVIDED FOR BY RULE F(1), WHICH OBVIATES THE NEED FOR A PLAINTIFF, OR ITS INSURER, TO DEPOSIT CASH WITH THE COURT.**

Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or *approved security therefor*…." (emphasis added) Supplemental Rule F(1)(a).  An owner may alternatively choose to transfer its interest in the vessel and pending freight to a trustee, in accordance with the procedures prescribed by Rule F(1)(b). Posting security, pursuant to Rule F(1), may therefore be accomplished in one of three ways: physical surrender of the vessel and its pending freight; depositing cash into the court; or, by depositing "approved security therefor." *See Am. Milling Co. v. Brennan Marine, Inc.*, 623 F.3d 1221, 2010 AMC 2657, 2666 (8th Cir. 2010).  Security, as used here, can be defined generally as "collateral given or pledged to guarantee the fulfillment of an obligation."  BLACK'S LAW DICTIONARY (10th ed. 2014).

Despite its anterior placement in Rule F(1), depositing a sum of cash equal to the owner's interest in the vessel and pending freight is not the exclusive means to satisfy Rule F(1)(a), let

alone F(1); and such cash deposit need not be made should the limitation plaintiff choose alternatively to deposit "approved security" with the court.  Letters of undertaking and ad interim stipulations of value are universally recognized by courts as "approved security" for purposes of Rule F(1).  *See e.g., Hartford Accident & Indem. Co. of Hartford v. S. Pac. Co.,* 273 U.S. 1927, 1927 AMC 402, 403; 409 (1927) ("The stipulation is a substitute for the vessel itself and the freight."), *Complaint of Dammers & Vanderheide*, 836 F.2d 750, 1988, AMC 1674, 1976 n.2 (2d Cir. 1988) ("the appellants offered security in the form of a 'letter of undertaking' … [from a P&I Club] The district court approved the use of the letter as security."), *Complaint of N. Lubec Manuf. & Canning Co.*, 647 F. Supp. 1132, 1134 (D. Me. 1986) ("Submission of an *ad interim stipulation* is one way of satisfying rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation.").  An owner who deposits approved security in the form of a letter of undertaking or ad interim stipulation is not required to pay the limitation fund sum into the court until so ordered by reason of the court's denial of exoneration from or limitation of liability, or, upon proper demand by a limitation fund claimant.  *See Am. Milling Co.*, 2010 AMC at 2666 ("American Milling elected to post a security, and the district court approved it . . . but the choice also permitted the company to have continued use of its cash throughout the proceedings . . . .").  The deposit of an ad interim stipulation, therefore, obviates the need for a limitation plaintiff, or its P&I insurer, to pay the approved security at the outset of a limitation proceeding.  *Hartford Accident & Indem. Co.*, 1927 AMC at 403-04 (requiring surety to pay the amount stated in its ad interim stipulation for value at the conclusion of the limitation proceeding).

In the case at bar, the Order issued by the Court could be read to conflate the two alternatives provided for under Rule F(1)(a).  The fourth paragraph in the Order mandates that Steamship Mutual, on behalf of Plaintiffs' interest in the Vessel and her pending freight, pay into

the Court, "the sum of $15,309,003.50 plus interest of six percent per annum from the date hereof, within (10) days *from the date hereof*."  This directive could be read as tantamount to an order that $15,309,003.50 in cash be deposited with the court prior to conclusion of the limitation action. The Court likely did not intend such a result given that the Order approved Plaintiffs' Ad Interim Stipulation of Value as proper security for benefit of claimants in lieu of a cash deposit.  Requiring Steamship Mutual to deposit this sum with the court ten (10) days from issuance of the Order would deprive Plaintiffs of their rightful choice to post approved security, as afforded by Rule F(1).

Amendment is necessary to conform the Order with the Ad Interim Stipulation of Value provision, requiring that the sum of $15,309,003.50, with interest at a rate of six percent (6%) per annum, be payable into the Court "within ten (10) days *after any order of this Court that it shall do so*."  Reference to "any order of the court" in this instance does not refer to an order approving the Ad Interim Stipulation, but rather, contemplates an order made by the Court at the conclusion of the limitation proceedings, or an order issued in accordance with a claimants timely objection to the posting of approved security.  *See Hartford Accident & Indem. Co.,* 1927 AMC at 403 (ordering the surety to pay the limitation fund into the court after trial).  The language contained in Plaintiffs' Ad Interim Stipulation and Proposed Order, moreover, accords with the standard language commonly used in such filings and the corresponding court orders approving the posting of approved security.  *See* **Exhibit D**, attached hereto.

## POINT II

## AD INTERIM STIPULATIONS AND LETTERS OF UNDERTAKING ISSUED BY P&I CLUBS HAVE LONG BEEN RECOGNIZED AND ACCEPTED IN ADMIRALTY MATTERS.

Most P&I Clubs, including Steamship Mutual, are members of the International Group of P&I Clubs. The International Group of P&I Clubs provides reinsurance for its members in a contract that is considered the largest insurance contract in the world. THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW, §12-5, p. 821, n. 13 (5th ed. 2012) explains this procedure and refers to decisions in which P&I Club security was accepted for limitation proceedings:

> *The posting of security*
>
> In Complaint of Dammers & Vanderheide, 836 F.2d 750, 1988 AMC 1674 (2d Cir. 1988), the court approved as security a letter of undertaking from the vessel's insurer. Id. at 753, n. 2. See also Petition of Slobodna Providba, 1987 WL 20043, 1987 AMC 2209 (W.D.Mich. 1987)

The Ad Interim Stipulation executed by the Steamship Mutual and approved by the Court is the kind of reliable security posted by a P&I Club that is a member of the International Group of P&I Clubs and that is routinely accepted as security for a limitation fund. An order from this Court requiring payment of limitation funds into the Court would, in essence, deny Plaintiffs their right to post security.

## CONCLUSION

The fourth paragraph of the Order should be amended to read:

> **IT IS FURTHER ORDERED AND ADJUDGED** that Steamship Mutual Underwriting Association Limited, on behalf of Plaintiffs' interest in the Vessel, pending freight, and $420 per gross registered ton death claim funds, shall pay into the Court, the sum of $15,309,003.50 plus interest of six percent per annum from the date hereof, within ten (10) days after any order of this Court that it shall do so.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for the claimants who have appeared in this action, who stated that their respective clients consent to the relief requested herein.  Plaintiffs are unable to confer with all potential adverse parties, as all parties to this proceeding will not be determined until after the Court's deadline for filing claims.

HOLLAND & KNIGHT LLP

/s/ George D. Gabel, Jr.
George D. Gabel, Jr.
Florida Bar No. 27220
Suzanne Judas
Florida Bar No. 862037
Timothy J. Conner
Florida Bar No. 0767580
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 (telephone)
(904) 358-1872 (facsimile)

Of Counsel

Chester D. Hooper (BBO #625025)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700 (telephone)
(617) 526-6850 (facsimile)

Vincent J. Foley (New York Bar 2805117)
HOLLAND & KNIGHT LLP
31 West 52 Street
New York, NY  10019

*Attorneys for Sea Star Lines, LLC and Tote Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel of

record via the EM/ECF system this 13th day of November, 2015.


/s/ George D. Gabel, Jr.
Attorney

#37784187_v2