UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

In the Matter of The Complaint

                of                                        Case No. 3:15-cv-1297-HES-MCR

SEA STAR LINES, LLC d/b/a Tote
Maritime Puerto Rico, as owner, and
TOTE SERVICES, INC., as owner *pro hac vice* of the S.S. EL FARO, for
Exoneration from or Limitation of
Liability.

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE AND ACCOMPANYING MEMORANDUM OF LAW**

Plaintiffs, Sea Star Line, LLC ("Sea Star") and Tote Services, Inc. ("Tote") (collectively, "Plaintiffs"), by and through undersigned counsel and pursuant to Rule 26(d), Federal Rules of Civil Procedure, and Local Rule 3.01, hereby move the Court for an Order granting Plaintiffs leave to serve the third-party subpoena attached hereto as **Exhibit A** prior to the Rule 26(f) conference. In support, Plaintiffs state as follows:

1. This action arises out of the disappearance of the S.S. EL FARO (the "Vessel") during its voyage from Jacksonville, Florida to San Juan, Puerto Rico, when Hurricane Joaquin unforeseeably changed its course and engulfed the Vessel.

2. Plaintiffs, as the owner and owner *pro hac vice* of the Vessel, filed a Complaint for Exoneration from or Limitation of Liability, pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C §§ 30501 et seq.

1

3.     Plaintiffs are working diligently to effect early and fair settlements with potential claimants, and are gathering as much information as possible in order to do so. One of the items necessary to obtain all relevant information are the emails sent to and from the vessel during the relevant time period, which are kept on third party Inmarsat's server. Inmarsat has informed Plaintiffs that it cannot produce such emails to Plaintiffs without a subpoena.

4.     It is unknown when a case management conference can be scheduled to set a discovery schedule in this action. Ordinarily, the parties are required to meet within 60 days of the first appearance of any defendant, M.D. Fla. R. 3.05(c)(2)(B); however, here, there are numerous possible claimants some or all of which may appear at various times, depending on a number of factors. Further, pursuant to this Court's Order dated November 4, 2015, claimants have until December 21, 2015 to file their claims. (Doc. 10 at 2-3.)

5.     Granting Plaintiffs leave to issue the attached third-party subpoena prior to the case management conference will aid the parties and the Court in the orderly disposition of this matter.

6.     A proposed Order accompanies this motion and is attached hereto as **Exhibit B**.[1]

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs leave to serve the third-party subpoena attached hereto as Exhibit A and awarding any further relief that this Court deems just and proper.

---

[1] The undersigned is mindful that the Administrative Procedures for Electronic Filing, United States District Court, Middle District of Florida IV(A)(4) (2015) provides that "[n]o proposed order or judgment may be submitted unless authorized by the assigned judge." Nevertheless, in light of the emergency nature of these limitation proceedings, including the associated injunction and notice requirements, the undersigned has been unable to obtain prior authorization and believes that a proposed order would aid the Court in its timely disposition of this matter. It is within this Court's discretion to waive this prohibition. See United States v. Ervin, 601 F. App'x 793, 797 (11th Cir. 2015) ("[I]t was within the district court's discretion to waive the Local Rule's formal notice requirement based on a lack of prejudice to Ervin.").

**MEMORANDUM OF LAW**

Discovery is normally barred prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Nevertheless, this Court has broad discretion in managing discovery. Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005). As such, the Court may authorize early discovery before the Rule 26(f) conference for the parties' and witness' convenience and in the interests of justice. Fed. R. Civ. P. 26(d); Malibu Media, LLC v. Doe, No. 2:13-CV-259-FTM-99, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013) (granting early discovery to serve a third-party subpoena). In determining whether to permit early discovery, courts in this district typically evaluate whether the movant has demonstrated "good cause." Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., No. 8:08CV310T27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) ("A court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'").

Plaintiffs respectfully submit that they have demonstrated good cause for the Court to permit the issuance of the attached third-party subpoena prior to the Rule 26(f) conference. First, Plaintiffs and the potential claimants have a significant interest in ascertaining relevant facts to reach early and fair settlements of the claims, a goal encouraged by the Court and that will assist the Court in managing both this case and its overall docket. Second, in light of the notice requirements and unique procedural necessities of this case, a proper Rule 26(f) conference likely will not be possible within the time constraints of Local Rule 3.05(c)(2)(B). Further, claimants have until December 21, 2015 to file their claims in this action. (Doc. 10 at 2-3.)

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs leave to serve the third-party subpoena attached hereto as Exhibit A and awarding any further relief that this Court deems just and proper.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for the claimants who have appeared in this action, who stated that their respective clients consent to the relief requested herein. Plaintiffs are unable to confer with all potential adverse parties, as all parties to this proceeding will not be determined until after the Court's deadline for filing claims.

Respectfully Submitted this 18th day of November, 2015.

        **HOLLAND & KNIGHT LLP**

        /s/ George D. Gabel, Jr.
        George D. Gabel, Jr.
        Florida Bar No. 27220
        Suzanne Judas
        Florida Bar No. 862037
        Timothy J. Conner
        Florida Bar No. 0767580
        50 North Laura Street, Suite 3900
        Jacksonville, FL 32202
        (904) 353-2000 (telephone)
        (904) 358-1872 (facsimile)

Of Counsel

        Chester D. Hooper (BBO #625025)
        Michael A. DeIulis (BBO #691495)
        HOLLAND & KNIGHT LLP
        10 St. James Avenue
        Boston, MA  02116
        (617) 523-2700 (telephone)
        (617) 526-6850 (facsimile)

        Vincent J. Foley (New York Bar 2805117)
        HOLLAND & KNIGHT LLP
        31 West 52 Street
        New York, NY  10019

        *Attorneys for Sea Star Line, LLC and Tote Services, Inc.*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing has been furnished to all counsel of record via the EM/ECF system this 18th day of November, 2015.

                 /s/ George D. Gabel, Jr.
                   Attorney

#37708543_v1

**EXHIBIT "A"**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| SEA STAR LINE, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:15-cv-1297-HES-MCR |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   David C. Netzley, II, VP of Legal, Inmarsat Maritime, 1571 Robert J. Conlan Blvd., Palm Bay, FL 32905

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
  Documents set forth on Exhibit "A"

| Place: Holland & Knight LLP<br>200 S Orange Ave #2600<br>Orlando, FL 32801 | Date and Time:<br><br>11/25/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/18/2015

            *CLERK OF COURT*
                                        OR        [signature]
  _____                _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sea Star Line, LLC
_____, who issues or requests this subpoena, are:

Jennifer Kifer, 50 N. Laura Street; Suite 3900, Jacksonville FL 32202 jennifer.kifer@hklaw.com 9047987234

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:15-cv-1297-HES-MCR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

All emails to and from email addresses assigned to the vessel S.S. EL FARO since April 1, 2015, including but not limited to:

1) Emails to and from email addresses with the following format:

    [username].wfjk@globeemail.com

2) Emails to and from the following email addresses:

    a) capt.wfjk@globeemail.com

    b) cheng.wfjk@globeemail.com

    c) fseng.wfjk@globeemail.com

    d) bridge.wfjk@globeemail.com

    e) chmate.wfjk@globeemail.com

    f) crew.wfjk@globeemail.com

    g) amosxfer.wfjk@globeemail.com

3) Emails to and from any other email addresses assigned to the S.S. EL FARO that are not specifically identified above.

#37711901_v1

**EXHIBIT "B"**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

In the Matter of The Complaint

of                                                          Case No. 3:15-cv-1297-HES-MCR

SEA STAR LINES, LLC d/b/a Tote Maritime Puerto Rico, as owner, and TOTE SERVICES, INC., as owner *pro hac vice* of the S.S. EL FARO, for Exoneration from or Limitation of Liability.

_____/

**ORDER**

      **THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference [Doc. 21; Motion], filed November 18, 2015. Upon review of the Motion, the Court finds good cause to permit Plaintiffs to issue the third-party subpoena attached as Exhibit A to the Motion.

      Accordingly, after due consideration, it is **ORDERED:**

      1.    Plaintiffs' Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference [Doc. 21] is **GRANTED**.

      2.    Plaintiffs are permitted to issue the subpoena attached as Exhibit A to their Motion prior to the Rule 26(f) conference.

      **DONE AND ORDERED** in Jacksonville, Florida this _____ day of November, 2015

_____
UNITED STATES DISTRICT JUDGE