UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALITY

In the Matter of The Complaint

of

Sea Star Line, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE Services,
Inc., as Owner *pro hac vice* of the S.S. EL
FARO for Exoneration from or Limitation of
Liability

CASE NO. 3:15-cv-1297-HES-MCR

## CLAIM AND ANSWER OF SAIA MOTOR FREIGHT LINE, LLC

NOW COMES Claimant SAIA Motor Freight Line, LLC ("SAIA") and, responding to the allegations of Plaintiff's Complaint and filing a claim pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims, alleges and says as follows:

## ANSWER

1. Admitted.

2. Admitted.

3. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 3 and therefore denies the same.

4. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 4 and therefore denies the same.

5. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 5 and therefore denies the same.

6. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 6 and therefore denies the same.

7. Upon information and belief, admitted.

8. Denied.

9. With regard to the allegations of Paragraph 9, SAIA admits that the S.S. EL FARO was lost in a storm on or about October 1, 2015. SAIA lacks sufficient knowledge or information to respond to the remaining allegations of that paragraph and therefore denies the same.

10. Denied.

11. Denied.

12. Denied.

13. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 13 and therefore denies the same.

14. Upon information and belief, admitted.

15. Admitted.

16. With regard to the allegations of Paragraph 16, SAIA admits that Plaintiffs claim exoneration from liability as alleged but deny that Plaintiffs are entitled to such exoneration. The remaining allegations of that paragraph are denied.

17. With regard to the allegations of Paragraph 17, SAIA denies that Plaintiffs are entitled to limit their liability in any way. The remaining allegations of that paragraph are denied.

18. SAIA lacks sufficient knowledge or information to respond to the allegations of Paragraph 18 and therefore denies the same.

19. The allegations of Plaintiff's prayer for relief are denied.

20. Each and every allegation of Plaintiff's Complaint not specifically admitted herein is denied.

## CLAIM

21. SAIA realleges and incorporates the foregoing paragraphs as if fully set forth herein.

22. Pursuant to the Court's Order (Docket # 10) and Notice (Docket # 11), SAIA files this claim for cargo loss.

23. SAIA and Sea Star, LLC ("Sea Star") entered into a Transportation Services Agreement ("TSA") which was in full force and effect at all times relevant to this claim. A true and accurate copy of the TSA is attached as **EXHIBIT A.**

24. On or about September 29, 2015, SAIA tendered two ocean containers of goods to Sea Star, identified as booking numbers SSL000231352 ("352") and SSL000321353 ("353"), respectively, for transport by Sea Star as a water carrier from the Port of Jacksonville, Florida to the Port of San Juan, Puerto Rico, aboard the S.S. El Faro. Each container contained cargo belonging to SAIA's customers and consigned by them to SAIA under Bills of Lading for transportation to Puerto Rico. Sea Star issued Bills of Lading for each ocean container, and SAIA, in turn, issued Bills of Lading to its customers.

25. The container identified as booking number 352 had a value to SAIA and its customers of $147,495.07. True and accurate copies of the Sea Star Bills of Lading, the SAIA Bills of Lading, and the commercial invoices for booking number 352 are attached hereto as **EXHIBIT B**

26. The container identified as booking number 353 had a value to SAIA and its customers of $134,831.19. True and accurate copies of the Sea Star Bills of Lading, the SAIA Bills of Lading, and the commercial invoices for booking number 353 are attached hereto as **EXHIBIT C.**

27. On or about October 1, 2015, the S.S. El Faro and all her crew and cargo, including all cargo tendered by SAIA to Sea Star, were lost in a hurricane.

28. SAIA was at all times relevant a motor carrier engaged in the transportation of property subject to the jurisdiction of the Surface Transportation Board of the U.S. Department of Transportation. As a result, pursuant to 49 U.S.C. § 14706, SAIA is or may be liable to its customers for the cargo loss described above, in a total amount of $282,326.26.

29. Sea Star d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc. are liable to SAIA for the claims asserted herein, and SAIA is entitled to a judgment against them, jointly and severally, and hereby makes claim for said judgment and for such other and further relief as the Court deems just and proper.

/s/ L. Johnson Sarber, III
L. Johnson Sarber, III
Florida Bar No. 0104116
MARKS GRAY, P.A.
Post Office Box 447
Jacksonville, Florida 32201-0447
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
Email: lsarber@marksgray.com

AND

C. Frederic Marcinak
South Carolina Bar No. 73609
SMITH MOORE LEATHERWOOD, LLP
2 West Washington Street, Suite 1100
Greenville, South Carolina 29601
Telephone: (864) 751-7691
Facsimile: (864) 751-7806
Email: Fredric.Marcinak@smithmoorelaw.com
*Attorneys for SAIA Motor Freight Line, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to:

4

George D. Gabel, Jr., Esquire
Suzanne Judas, Esquire
Timothy J. Conner, Esquire
Lawrence J. Hamilton, Esquire
Jennifer L. Kifer, Esquire
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
*Attorneys for SEA STAR LINE, LLC, etc. and TOTE SERVICES, etc.*

Vincent J. Foley, Esquire
HOLLAND & KNIGHT, LLP
31 W. 52nd Street
New York, New York 10019
*Attorneys for SEA STAR LINE, LLC, etc. and TOTE SERVICES, etc.*

Thomas K. Equels, Esquire
EQUELS LAW FIRM
860 North Orange Avenue
Orlando, Florida 32801
*Attorneys for Claimant/Third Party Plaintiff KAREN SCHOENLY, personally and as a survivor and Personal Representative of the Estate of HOWARD SCHOENLY, deceased*

Stephen J. Pajcic, III, Esquire
Thomas F. Slater, Esquire
Benjamin E. Richard, Esquire
Michael S. Pajcic, Esquire
PAJCIC & PAJCIC, P.A.
One Independent Drive, Suite 1900
Jacksonville, Florida 32202
*Attorneys for Claimants TINA RIEHM, as Personal Representative of the Estate of JEREMIE H. RIEHM, deceased and TRACEY HATCH, as Personal Representative of the Estate of CAREY HATCH, deceased*

John H. Hickey, Esquire
Brett D. Sager, Esquire
HICKEY LAW FIRM, P.A.
1401 Brickell Avenue, Suite 510
Miami, Florida 33131-3504
*Attorneys for Claimant/Third Party Plaintiff VALMA CHAMPA, personally and as a survivor and Personal Representative of the Estate of LOUIS CHAMPA, JR., deceased*

Michael A. DeIulis, Esquire
Chester D. Hooper, Esquire
HOLLAND & KNIGHT, LLP
10 St. James Avenue
Boston, Massachusetts 02116-3889
*Attorneys for SEA STAR LINE, LLC, etc. and TOTE SERVICES, etc.*

Judson H. Orrick, Esquire
EQUELS LAW FIRM
660 East Jefferson Street
Tallahassee, Florida 32301
*Attorneys for Claimant/Third Party Plaintiff KAREN SCHOENLY, personally and as a survivor and Personal Representative of the Estate of HOWARD SCHOENLY, deceased*

Lawrence J. Roberts, Esquire
LAWRENCE J. ROBERTS & ASSOCIATES, P.A.
249 Catalonia Avenue
Coral Gables, Florida 33134
*Attorneys for Claimant ESTES EXPRESS LINES*

Jason R. Margulies, Esquire
Michael A. Winkleman, Esquire
LIPCON, MARGULIES, ALSINA &
WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
*Attorneys for Claimants/Third Party Plaintiffs
ANNA KRAUSE, as Personal Representative
of the Estate of PIOTR KRAUSE, deceased;
AGNIESZKA NITA, as Personal
Representative of the Estate of MARCIN
NITA, deceased; MALGORZATA
PODGORSKA, as Personal Representative of
the Estate of JAN PODGORSKI, deceased;
BOZENA TRUSZKOWSKA, as Personal
Representative of the Estate of ANDRZEJ
TRUSZKOWSKI, deceased; and AGNIESZKA
ZDOBYCH, as Personal Representative of the
Estate of RAFAL ZDOBYCH, deceased*

/s/ L. Johnson Sarber, III
L. Johnson Sarber, III
Florida Bar No. 0104116
MARKS GRAY, P.A.
*Attorneys for Claimant SAIA MOTOR
FREIGHT LINE, LLC*