**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In the Matter of the Complaint

    of

Sea Star Lines, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE
Services, Inc., as Owner pro hac vice of the      CASE NO: 3:15-cv-01297-HES-MCR
S. S. El Faro for Exoneration from or
Limitation of Liability.
_____/

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**ANSWER TO COMPLAINT**

**COMES NOW**, Claimant, The Indemnity Insurance Company of North America

("Claimant" or "IINA") as subrogee of The American Red Cross, and answer Sea Star Lines,

LLC, d/b/a TOTE Maritime Puerto Rico and TOTE Services, Inc. (collectively referred to herein

as "Petitioners") Complaint for Exoneration from or Limitation of Liability as follows:

1. Admitted that the Exoneration of and Limitation of Liability is under the Courts

Admiralty Jurisdiction, otherwise denied.

2. Admitted that venue is proper, otherwise denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Admitted.

7.  Admitted.

8.  Denied.

9.  Admitted that there was a massive search and rescue effort, otherwise denied.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Admitted that the Limitation Fund will be less than the amount of the losses and damages, otherwise denied.

14.  Without knowledge, therefore denied.

15.  Admitted.

16.  Denied.

17.  Denied.

18. Denied.

     a.  Denied.

     b.  Denied.

     c.  Denied.

     d.  Denied.

     e.  Denied.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  At all times material hereto, Petitioners, as owners and/or operators of the S. S. El

Faro, (referred to herein as "vessel") failed to exercise due diligence to maintain the vessel in

seaworthy condition; and the vessel was not properly and/or competently manned, equipped, and

supplied, it was not seaworthy, fit and proper for the services in which it was engaged.

3.  Petitioners, as owners and/or operators of the vessel, are not entitled to either

exoneration from or limitation of liability, as the sinking was due to the unseaworthy condition of

the vessel, and this fact was within the privity and knowledge of the Petitioners, or should have

been known, including the privity and knowledge of the master, executive officer,

superintendent, and managing agent, which knowledge is imputed to the Petitioners.

4.  The vessel sinking as referred to in the complaint was caused or contributed to by the

negligence of the Petitioners in their capacity as owner and/or operator of the vessel, and as a

result of the Petitioners' violations of applicable federal safety and operating regulations or

statutes.

5.  Petitioners are not entitled to exoneration from or limitation of liability as the sinking

and all of the damages, injuries and losses were caused or contributed to by the fault, design,

neglect, negligence, or want of due care by Petitioners and/or their agents and/or their employees.

6.  Petitioners are jointly and severally liable for the negligent acts of third parties who are

not entitled to exoneration from or limitation of liability.

7.   Petitioners are not entitled to exoneration from or limitation of liability as the

Captain of the vessel had privity and knowledge of the negligent acts that caused the vessel to

sink.

8.  Petitioners are not entitled to exoneration from or limitation of liability as the

Petitioners had privity and knowledge of the same weather conditions that the Captain had and

could have instructed the Captain to not leave Jacksonville until the Hurricane was out of the way of the vessel's intended route, take another route and/or stop or slow down before proceeding into the path of the Hurricane, none of which was done.

9.  Petitioners are not entitled to exoneration from or limitation of liability as the Petitioners had privity and knowledge that a vessel of this age should not be taken into a Hurricane.

## CLAIMANTS' COUNTERCLAIM AGAINST PETITIONERS

COMES NOW, Claimants and file this Counterclaim against Petitioners, SEA STAR LINE, LLC ("SEA STAR") and TOTE SERVICES, INC. ("TOTE"), (Collectively "Petitioners"), and states as follows:

1.  American Red Cross was the owner of six (6) boxes of cargo and that had contracted with the Petitioners to ship that cargo to Puerto Rico from Jacksonville, Florida.  The cargo was lost by the Petitioners, as a result of the Petitioners' breach of contract.

2.  The subject cargo was insured by IINA, a claim was filed and paid.  IINA is subrogated in the amount of its payment to its insured, American Red Cross.

3.  In the event that Petitioners claim of exoneration from and limitation of liability is defeated, judgment in the amount of the Claimant's damages is requested.

4.  Venue is proper in this court.

WHEREFORE, Claimant, IINA demands damages against the Petitioners in the full amount of its damages of $3,907.20, plus interest and taxable costs.

BOYD LAW, P.A.

*S/Thomas A. Boyd, Jr.*

_____
Thomas A. Boyd, Jr.
Florida Bar No. 0762725
6817 Southpoint Parkway, Suite 1801
Jacksonville, FL 32216
Phone: 904-470-0110
Fax:    904-470-0116
tim@boydmaritimelaw.com
Attorneys for Claimant IINA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY service by CM/ECF this 10th day of December, 2015:

*S/Thomas A. Boyd, Jr.*

_____
Thomas A. Boyd, Jr.