# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## IN ADMIRALTY

**CASE NO. 3:15-cv-1297-HES-MCR**

In the Matter of the Complaint

Of

**Sea Star Line, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE Services,
Inc., as Owner *pro hac vice* of the
S.S. EL FARO for Exoneration from or
Limitation of Liability**

_____/

## CLAIM AND ANSWER OF THOSE CERTAIN UNDERWRITERS (SYNDICATE 1955, SYNDICATE 2987, SYNDICATE 1183 AND SYNDICATE 0457) SUBSCRIBING TO POLICY # B0180 PC1422840 AS SUBROGEE OF DEL VALLE BRANDS, INC. AND f/u/b/o DEL VALLE BRANDS, INC.

NOW COMES Claimants, Those Certain Underwriters (Syndicate 1955, Syndicate 2987, Syndicate 1183 and Syndicate 0457) Subscribing to Policy #B0180 PC1422840 ("Underwriters") as Subrogee of Del Valle Brands, Inc. and f/u/b/o Del Valle Brands, Inc. ("Del Valle"), responding to the allegations of Plaintiffs' Complaint and filing a claim pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims, alleges and says as follows:

### CLAIM

1. Pursuant to the Court's Order (Docket # 10) and Notice (Docket # 11), Del Valle/Underwriters file this claim for cargo loss.

2. Plaintiffs are Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO, hereinafter collectively "Sea Star."

3. On or about September 29, 2015, Del Valle tendered two ocean containers of nutritional product to Sea Star, identified as container number CRSU9319839 ("839") and container

number FCIU8045125 ("125"), booking number SSL000237371 ("371"), for transport by Sea Star as a water carrier from the Port of Jacksonville, Florida to the Port of San Juan, Puerto Rico, aboard the S.S. EL FARO. Each container contained cargo belonging to Del Valle and/or Del Valle's customers and consigned by them to Del Valle for transportation to Puerto Rico. Sea Star issued a Bill of Lading for both ocean containers.

4. The container identified as container number 839 had a value to Del Valle and its customers of $111,130.57. True and accurate copy of the Sea Star Bill of Lading, the Del Valle commercial invoices for booking number 371 are attached hereto as EXHIBIT A.

5. The container identified as container number 125 had a value to Del Valle and its customers of $73,962.63. True and accurate copy of the Sea Star Bill of Lading, the Del Valle commercial invoice for booking number 371 are attached hereto as EXHIBIT B.

6. On or about October 1, 2015, the S.S. EL FARO and all her crew and cargo, including all cargo tendered by Del Valle to Sea Star, were lost in a hurricane.

7. Del Valle was at all times relevant the shipper/seller of the cargo, and Del Valle has suffered this cargo loss, and is or may be liable to its customers for the cargo loss described above, in a total amount of $185,093.20.

8. Underwriters insured Del Valle for the cargo loss and paid Del Valle for such pursuant to the terms of Policy #B0180 PC1422840, and Underwriters are accordingly subrogated to the interests of Del Valle as to the cargo loss. The Subrogation Receipt is attached as EXHIBIT C.

9. Sea Star d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc. are liable to Del Valle and/or Underwriters for the claims asserted herein pursuant to the contract of carriage and/or tariff to the extent applicable, and Del Valle and/or Underwriters are

entitled to a judgment against them, jointly and severally, and hereby makes claim for said judgment and for such other and further relief as the Court deems just and proper.

## ANSWER

Del Valle/Underwriters realleges and incorporates the foregoing paragraphs as if fully set forth herein.

1. Admitted.

2. Admitted.

3. Del Valle/Underwriters lacks sufficient knowledge or information to respond to the allegations of Paragraph 3 and therefore denies the same.

4. Del Valle/Underwriters lacks sufficient knowledge or information to Paragraph 4 and therefore denies the same.

5. Del Valle/Underwriters lacks sufficient knowledge or information to Paragraph 5 and therefore denies the same.

6. Del Valle/Underwriters lacks sufficient knowledge or information to Paragraph 6 and therefore denies the same.

7. Upon information and belief, admitted.

8. Denied.

9. With regard to the allegations of Paragraph 9, Del Valle/Underwriters admits that the S.S. EL FARO was lost in a storm on or about October 1, 2015.  Del Valle/Underwriters lacks sufficient knowledge or information to respond to the remaining allegations of that paragraph and therefore denies the same.

10. Denied.

11. Denied.

12. Denied.

13. Del Valle/Underwriters lacks sufficient knowledge or information to respond to the allegations of Paragraph 13 and therefore denies the same.

14. Upon information and belief, admitted.

15. Admitted.

16. With regard to the allegations of Paragraph 16, Del Valle/Underwriters admits that Plaintiffs' claim exoneration from liability as alleged but deny that Plaintiffs are entitled to such exoneration. The remaining allegations of that paragraph are denied.

17. With regard to the allegations of Paragraph 17, Del Valle/Underwriters denies that Plaintiffs are entitled to limit their liability in any way. The remaining allegations of that paragraph are denied.

18. Del Valle/Underwriters lacks sufficient knowledge or information to respond to the allegations of Paragraph 18 and therefore denies the same.

19. The allegations of Plaintiff's prayer for relief are denied.

20. Each and every allegation of Plaintiffs' Complaint not specifically admitted herein is denied.

Dated this 14th day of December, 2015.

RUMRELL, MCLEOD & BROCK, P.A.

LINDSEY C. BROCK III, ESQ.
Fla. Bar #971669
Primary E-Mail: lindsey@rumrelllaw.com
Secondary E-Mail: kristen@rumrelllaw.com
24 Cathedral Place, Suite 504
St. Augustine, Florida 32084
(904) 996-1100 Office Telephone
**Attorney for Those Certain Underwriters (Syndicate 1955, Syndicate 2987, Syndicate 1183 and Syndicate 0457) Subscribing to Policy #B0180 PC1422840 as Subrogee of Del Valle Brands, Inc. and f/u/b/o Del Valle Brands, Inc.**

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 14th, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

_____
Attorney