Case 3:15-cv-01297-HES-MCR   Document 63   Filed 12/14/15   Page 1 of 3 PageID 755

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| In the matter of The Complaint | § § § § § § | |
| Of | | |
| Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner pro hac vice of the S.S.EL FARO for Exoneration from or Limitation of Liability | § § § § § § | CASE NO. 3:15-cv-1297-HES-MCR |

## CLAIM OF MAVERICK C&P, INC.

COMES NOW Claimant, MAVERICK C&P, Inc. ("**Maverick**"), by and through its undersigned attorney and pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims and pursuant to this Court's Order of November 4, 2015 Approving Ad Interim Stipulation, Directing Issuance of Notice And Restraining Prosecution of Claims (DE 10), hereby files the Claim of Maverick C&P, Inc. as follows:

**1.** On or about September 4, 2015, **Maverick** and Sea Star, LLC ("**Sea Star**") entered into a Transportation Services Agreement ('TSA") which was in full force and effect on the voyage of the SS El FARO in issue in this matter. A true and correct copy of the said TSA is attached hereto as Exhibit "A".

**2**. Thereafter, on or about September 29, 2015, Republic Conduit, a wholly owned subsidiary of **Maverick,** and **Sea Star** entered into a contract of affreightment for the ocean shipment of 7,553 pieces of electrical conduit stowed in one 40 foot ocean container from Jacksonville, Florida to San Juan, Puerto Rico aboard the SS El Faro as reflected

more fully in the **Sea Star** Ocean Bill of lading No. SSL000237463. A true and correct copy of the said bill of lading is attached hereto as Exhibit 'B".

3. The ocean container with the electric conduit was tendered to **Sea Star** on or about September 29, 2015 who received same on board the SS EL FARO for ocean carriage without exception and, in exchange for **Maverick's** payment of ocean freight in the amount of $4,496.00, **Sea Star** and the SS EL FARO agreed to transport the shipment of electrical conduit to San Juan, Puerto Rico and there deliver the shipment in the same good and condition as when received by **Sea Star** and the SS El FARO.

4. On or about October 1, 2015, the SS El FARO with **Maverick's** cargo of electrical conduit were lost at sea due to the negligence of **Sea Star** and the SS EL FARO.

5. At the time of the loss of **Maverick's** cargo of electrical conduit, the said cargo had a commercial market value of $33,755.00.

6. As a result of the aforementioned loss, **Maverick** makes claim against **Sea Star** and the SS EL FARO in the total amount of $38,251.00, said amount being the market value of the electrical conduit on the date of its loss plus the unearned ocean freight.

7. Claimant, **Maverick**, requests that its Claim in this matter be paid in full and that all further notices concerning this Claim be forwarded to its undersigned attorney of record in this matter.

          Respectfully submitted,

**BROWN SIMS**

*Attorneys for: Maverick C&P, Inc.*
Datran Two – Suite 1600
9130 South Dadeland Boulevard
Miami, Florida 33156
(305) 274-5507 – Office
(305) 274-5517 – Facsimile


By*:   /s/ Marlin K. Green*
    MARLIN K. GREEN, ESQ.
    Florida Bar No. 0419532
    mgreen@brownsims.com

**ATTORNEYS FOR MAVERICK C&P, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel via the Federal Rules of Civil Procedure on this 14TH day of December, 2015.

Georg D. Gabel, Jr., Esquire
Suzanne Judas, Esquire
Timothy J. Conner, Esquire
Lawrence J. Hamilton, Esquire
Jennifer L. Kifer, Esquire
HOLLAND & KNIGHT, LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Attorneys for SEA STAR LINE, LLC etc.
and TOTE SERVICES, etc.


          By*:   /s/ Marlin K. Green*
            MARLIN K. GREEN, ESQ.