UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

JOANNA JOHNSON, as Personal
Representative of the Estate of
LONNIE JORDAN,

        Plaintiffs,

v.

TOTE SERVICES INC, a Florida
Corporation d.b.a. TOTE MARITIME
Puerto Rico, and MICHAEL DAVIDSON,
Ship Captain,

        Defendant.

_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOANNA JOHNSON as Personal Representative of the Estate of LONNIE JORDAN, Deceased, sues Defendants, TOTE SERVICES, INC. a Florida Corporation d/b/a TOTE MARITIME PUERTO RICO, and MICHAEL DAVIDSON, individually, and alleges upon information and belief as follows:

    1.    This is an action for the wrongful death of LONNIE JORDAN, a seaman killed while working aboard the "El Faro," a cargo vessel, at all times material hereto, captained by Defendant MICHAEL DAVIDSON and owned, operated and/or managed by Defendants SEA STAR LINE, LLC and/or TOTE SERVICES, INC., d.b.a TOTE MARITIME PUERTO RICO.

    2.    Defendants' negligence in maintaining and/or operating and/or managing the EL Faro, its failure to provide a seaworthy vessel, and its decisions to sail into 140 winds and 50 foot

Exhibit A

waves on or about October 1, 2015 were the direct, proximate and legal cause of the sinking of the El Faro and the ultimate untimely death of LONNIE JORDAN.

3. This action is brought by Lonnie Jordan's Personal Representative, Joanna Johnson, on behalf of the Estate of Lonnie Jordan.

4. Joanna Johnson is the statutory beneficiary entitled to bring this suit on behalf of the decedent's estate and the aforementioned beneficiaries pursuant to the Jones Act, 46 U.S.C. §688, the Death on High Seas Act ("DOHSA"), 46 U.S.C.§§761-768 and General Maritime Law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1330, 28 U.S.C. §1333, 46 U.S.C. 51, as certain causes of action asserted in this Complaint arise under general admiralty or maritime jurisdiction, as well and the Jones Act, 46 U.S.C. §688, and the Death on High Seas Act (DOHSA), 46 U.S.C. §§761-768.

6. This is a civil matter with damages alleged in excess of seventy five thousand dollars ($75,000), exclusive of interest, attorneys' fees, and costs, and this Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)-(c).

8. At all times material hereto, the following are the survivors and beneficiaries of a recovery for the wrongful death of Lonnie Jordan:

    a. Ricky Johnson

    b. Joanna Johnson

9. The El Faro was a 790 foot long ship built in 1975 which sank in the North Atlantic Ocean on about October 1, 2015.

Exhibit A

2

10. TOTE Maritime Puerto Rico is a foreign limited liability company incorporated under the laws of the State of Delaware with its principal place of business located at 10550 Deerwood Park Blvd., Suite 502, Jacksonville, Florida.

11. TOTE Services, Inc. is a Florida limited liability company with its principal place of business located at 10550 Deerwood Park Blvd. Suite 502, Jacksonville, Florida.

12. Defendant, Michael Davidson was the Captain of the El Faro, and was at all times material hereto, a resident of Duval County and continuously conducted business in the State of Florida.

## GENERAL ALLEGATIONS

13. At all times material hereto, Defendant, TOTE Services, Inc. owned, conducted and/or operated a freight transportation business in the navigable waters offshore, with a major route between Jacksonville, Florida and Puerto Rico.

14. At all times material hereto, Defendant TOTE MARITIME Puerto Rico owned conducted and/or operated a freight transportation business in the navigable waters offshore, with a major route between Jacksonville, Florida and Puerto Rico.

15. At all times material hereto, Defendant Michael Davidson was the captain, operator and/or in charge of a vessel from which freight was transported in the navigable waters offshore, with a major route between Jacksonville, Florida and Puerto Rico.

16. At all times material hereto, Lonnie Jordan was an employee of Defendant TOTE Services, Inc. and was onboard the El Faro pursuant to his employment when the ship sank on October 1, 2015.

Exhibit A

17. Pursuant to the rules and practice of general maritime law and the provisions of 46 U.S.C. 30302, Defendant, TOTE Services was required to properly maintain the vessel (El Faro) and equipment used so that the vessel would be operated safely.

18. Pursuant to the rules and practice of general maritime law and the provisions of 46 U.S.C. 30302, Defendant, TOTE Maritime was required to properly maintain the vessel (El Faro) and equipment used so that the vessel would be operated safely.

19. Pursuant to the rules and practice of general maritime law and the provisions of 46 U.S.C. 30302, Defendant Michael Davidson was required to maintain and operate the vessel and equipment used in the transportation of freight and to establish and/or observe policies and procedures so that the transportation of freight that he supervised and/or conducted would be operated safely.

20. As the owner and/or operator of the El Faro, Defendant TOTE Services owed its crewman and seamen the highest degree of care, given the circumstances and risks of attempting to navigate waters through a major hurricane, to wit "Joaquin."

21. As the owner and/or operator of the El Faro, Defendant TOTE Maritime owed its crewman and seamen the highest degree of care, given the circumstances and risks of attempting to navigate waters through 140 M.P.H. winds.

22. As operator of the El Faro, Defendant owed the crewmen and seamen aboard the El Faro the highest degree of care, given the circumstances and risks of navigating the El Faro through high seas and into a 140 winds and fifty (50) foot waves on or about October 1, 2015.

23. Defendants TOTE Services, TOTE Maritime and Michael Davidson's failure to exercise the highest degree of care considering the circumstances and the risks resulted in the death of Plaintiff, Lonnie Jordan.

Exhibit A

## COUNT I – NEGLIGENCE – WRONGFUL DEATH
## AGAINST DEFENDANT TOTE SRVICES

24. Joanna Johnson, as Personal Representative of the Estate of Lonnie Jordan re-alleges and reaffirms the allegations contained in paragraphs 1 through 22 above, and further alleges:

25. Defendant TOTE Services negligently permitted the El Faro to go to sea despite warnings of impending hurricane winds blowing contrary to the direction of travel.

26. Defendant TOTE Services were informed of the direction of travel of the storm and the probability of having to directly confront the storm days prior to leaving port on its intended voyage to Puerto Rico.

27. Defendant TOTE Services were warned prior to leaving port that there was a tropical storm in the Atlantic that was intensifying to hurricane strength.

28. Prior to leaving port in Jacksonville, Florida, Defendant MICHAEL DAVIDSON contacted his employers at TOTE Services, Inc. and advised of his awareness of the developing storm in the area.

29. Subsequent to leaving port, Defendant MICHAEL DAVIDSON was aware that the National Weather Service upgraded Tropical Storm Joaquin to Hurricane Joaquin, and predicted that the hurricane would approach the El Faro's path near the Bahamas.

30. Defendant MICHAEL DAVIDSON sent email communication to TOTE Services indicating that he understood the weather conditions in his intended path suggesting that he had a plan to try and outrun the approaching hurricane.

31. Upon communicating with TOTE Services, Defendant MICHAEL DAVIDSON still had several hours to implement safe alternatives such as changing course or diverting to safe harbor, which he neglected to do.

Exhibit A

32. Defendant TOTE Services negligently permitted the El Faro sail out to sea despite being in an unseaworthy condition to handle the conditions of a violent storm.

33. Defendant, TOTE Services, negligently caused the El Faro to enter the path of a category 4 storm knowing the unseaworthy condition of the El Faro prior to leaving port.

34. Defendant TOTE Services negligently failed to comply with the rules and practices of general maritime law to exercise reasonable care under the circumstances for the safety of passengers, business invitees and crew members traveling aboard the El Faro.

35. Defendant TOTE Services negligently failed to comply with requirements of admiralty laws with respect to reckless and/or careless operation of a vessel.

36. The acts and/or omissions of Defendant TOTE Services, as aforesaid, were a direct, proximate, and legal cause of the incident which occurred on or about October 1, 2015, which resulted in the death of Lonnie Jordan.

37. As a further and direct proximate result of the negligence of Defendant TOTE Services, the Estate of Lonnie Jordan has suffered the unnecessary loss of a son, incurred memorial expenses, and suffered the loss of future earnings, net accumulations, including future pensions and retirement benefits, as well as mental anguish, pain and suffering.

38. The Estate also seeks recovery for the pre-death pain and suffering and emotional distress suffered by the decedent, Lonnie Jordan.

39. The negligent conduct of Defendant TOTE Services rises to a level sufficient to warrant the imposition of punitive damages, which will be pled by Plaintiff at a later date.

WHEREFORE, Joanna Johnson as Personal Representative of the Estate of Lonnie Jordan demands judgment in excess of $75,000.00 against TOTE Services, Inc. for damages, costs and interest allowable by law, and trial by jury.

Exhibit A

## COUNT II – NEGLIGENCE – WRONGFUL DEATH
## AGAINST DEFENDANT TOTE MARITIME PUERTO RICO, INC.

40. Joanna Johnson, as Personal Representative of the Estate of Lonnie Jordan re-alleges and reaffirms the allegations contained in paragraphs 1 through 22 above, and further alleges:

41. Defendant TOTE Maritime negligently permitted the El Faro to go to sea despite warnings of impending hurricane winds blowing contrary to the direction of travel.

42. Defendant TOTE Maritime was warned prior to leaving port that there was a tropical storm in the Atlantic that was intensifying to hurricane strength.

43. Defendant TOTE Maritime was informed of the direction of travel of the storm and the probability of having to directly confront the storm days prior to leaving port on its intended voyage to Puerto Rico.

44. Defendant TOTE Maritime negligently permitted the El Faro sail out to sea despite being in an unseaworthy condition to handle the conditions of a violent storm.

45. Defendant TOTE Maritime, Inc., despite being informed of the direction of the storm failed to take a safe route in order to avoid the direct impact of the storm.

46. Defendant, TOTE Maritime, negligently entered the path of a category 4 storm knowing the unseaworthy condition of the El Faro prior to leaving port.

47. Defendant TOTE Maritime negligently failed to comply with the rules and practice of general maritime law to exercise reasonable care under the circumstances for the safety of passengers/business invitees traveling aboard the El Faro.

48. Defendant TOTE Maritime negligently failed to comply with requirements of general maritime law with respect to reckless or careless operation of a vessel.

Exhibit A

49. The acts or omissions of Defendant TOTE Maritime, as aforesaid, were a direct, proximate, and legal cause of the incident which occurred on or about October 1, 2015, which resulted in the death of Lonnie Jordan.

50. As a further and direct proximate result of the negligence of Defendant TOTE Maritime, the Estate of Lonnie Jordan has suffered the unnecessary loss of a son, incurred memorial expenses, and suffered the loss of future earnings and net accumulations, including future pensions and retirement benefits, as well as mental anguish, pain and suffering.

51. The Estate also seeks recovery for the pre-death pain and suffering and emotional distress suffered by the decedent Lonnie Jordan.

52. The conduct of Defendant TOTE Maritime rises to a level sufficient to warrant the imposition of punitive damages, which will be pled by Plaintiff at a later date.

WHEREFORE, Joanna Johnson as Personal Representative of the Estate of Lonnie Jordan demands judgment in excess of $75,000.00 against TOTE Maritime Puerto Rico, Inc. for damages, costs and interest allowable by law, and trial by jury.

## COUNT III– NEGLIGENCE – WRONGFUL DEATH AGAINST DEFENDANT MICHAEL DAVIDSON

53. Joanna Johnson, as Personal Representative of the Estate of Lonnie Jordan re-alleges and reaffirms the allegations contained in paragraphs 1 through 22 above, and further alleges:

54. Defendant Captain Michael Davidson negligently navigated the El Faro out to sea despite warnings of impending hurricane winds blowing contrary to the direction of travel.

55. Defendant Captain Michael Davidson was warned prior to leaving port that there was a tropical storm in the Atlantic that was intensifying to hurricane strength.

56. Defendant Captain Michael Davidson was informed of the direction of travel of the storm and the probability of having to directly confront the storm days prior to leaving port on its intended voyage to Puerto Rico.

57. Defendant Captain Michael Davidson, despite being informed of the direction of the storm failed to take a safe route in order to avoid the direct impact of the storm.

58. Defendant, Captain Michael Davidson, negligently entered the path of a category 4 storm knowing the unseaworthy condition of the El Faro prior to leaving port.

59. Defendant Captain Michael Davidson negligently permitted the El Faro sail out to sea despite being in an unseaworthy condition to handle the conditions of a violent storm.

60. Defendant, Captain Michael Davidson negligently failed to comply with the rules and practice of general maritime law to exercise reasonable care under the circumstances for the safety of passengers/business invitees traveling aboard the El Faro.

61. Defendant, Captain Michael Davidson negligently failed to comply with requirements of Florida Statutes with respect to reckless or careless operation of a vessel.

62. The acts or omissions of Defendant, Captain Michael Davidson, as aforesaid, were a direct, proximate, and legal cause of the incident which occurred on or about October 1, 2015, which resulted in the death of Lonnie Jordan.

63. As Captain of the El Faro, Defendant, Michael Davidson owed the crewmen and seamen aboard the El Faro the highest degree of care given the circumstances and risks of navigating the El Faro through high seas and into a 140 winds and fifty (50) foot waves on or about October 1, 2015.

64. As a further and direct proximate result of the negligence of Defendant, Captain Michael Davidson, the Estate of Lonnie Jordan has incurred the unnecessary loss of a son,

Exhibit A

memorial expenses, the loss of future earnings and net accumulations, including future pensions and retirement benefits, as well as mental distress, pain and suffering.

65. As a direct and proximate cause of Defendant Captain Michal Davidson's negligent acts, the Estate of Lonnie Jordan seeks recovery for the pre-death pain and suffering endured by decedent Lonnie Jordan, as well as for his severe emotional distress.

66. The conduct of Defendant, Captain Michael Davidson, rises to a level sufficient to warrant the imposition of punitive damages, which will be pled by Plaintiff at a later date.

WHEREFORE, Joanna Johnson as Personal Representative of the Estate of Lonnie Jordan demands judgment in excess of $15,000.00 against Captain Michael Davidson, Inc. for damages, costs and interest allowable by law, and trial by jury.

### COUNT IV: SURVIVAL ACTION FOR NEGLIGENCE FOR PRE-DEATH PAIN AND SUFFERING UNDER THE JONES ACT AGAINST TOTE SERVICES, INC.

67. Plaintiff, JOANNA JOHNSON, Personal Representative of eh Estate of Lonnie Jordan, deceased, re-adopts and re-alleges Paragraphs 1 through 65 as if full set forth herein, and further alleges as follows:

68. As the employer of Lonnie Jordan, TOTE SERVICES, INC, had a duty to exercise reasonable care to provide Lonnie Jordan with a safe place to work.

69. Defendant TOTE Services was negligent, in one or more of the following respects:

    a. Ordering or permitting the fully loaded vessel to sail into extreme weather knowing that there was a tropical storm and later a hurricane in or near the intended route;

    b. Failing to instruct the captain to remain in port in light of the weather conditions or to navigate away from the storm.;

    c. Failing to repair known problems with the vessel prior to ordering or

        permitting the vessel to sail;

   d. Failing to provide a vessel that was reasonably fit for its intended purpose;

   e. Failing to recognize the danger of sending a 40-year-old fully loaded top-heavy roll-on roll-off cargo ship into a hurricane;

   f. Failing to procure enclosed life boats suitable for extreme weather;

   g. Fostering an environment where employees, including the Captain, were so concerned about retaining their employment, that they were willing to take unreasonable risks to avoid a late delivery which would jeopardize their employment.

70. The Defendants' breach of these duties as described above caused Lonnie Johnson to suffer bodily injury, physical pain, emotional distress, and mental anguish before he died as he remained helpless in the middle of a hurricane.

71. The Jones Act, 46 U.S.C. §688, provides the remedy of a survival action for the decedent's pre-death pain and suffering.

WHEREFORE, Plaintiff, Joanna Johnson, as Personal Representative of the Estate of the Lonnie Johnson, deceased, demands judgment against Defendant TOTE Services, Inc. for the deceased's pre-death pain and suffering together with any and all compensatory damages, statutory interest as permitted, pre-judgment interest as permitted, attorney's fees as permitted, costs as permitted, trial by jury for all issues so triable, and any other relief that this court deems just and proper.

Dated this 16th day of December, 2015

                                                          FBN 372640
WILLIE E. GARY, Esquire
Florida Bar No. 187843
Gary, Williams, Parenti, Watson & Gary, P.L.P.C.
221 S.E. Osceola Street
Stuart, Florida 34994
Telephone: 772-283-8260