**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF CALIFORNIA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

| | |
|---|---|
| In the Matter of the Complaint | : |
| of | : CASE 3:15-cv-1297-HES-MCR |
| Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO for Exoneration from or Limitation of Liability | : |

**UPS GROUND FREIGHT, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES AND (COUNTER) CLAIM**

**COMES NOW**, claimant UPS Ground Freight, Inc., on its own behalf and on behalf of its corporate affiliates bearing interests aboard the S.S. EL FARO, including, but not limited to, United Parcel Service, Inc. (collectively, "UPS"), and responds to the Complaint of Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico and TOTE Services, Inc. (collectively, "Petitioners") for Exoneration from or Limitation of Liability as follows:

**ANSWER OF UPS**

1. Admits that the elements of the Petitioners' Complaint as alleged are within the Court's Admiralty Jurisdiction, but otherwise than as expressly admitted, denies the allegations in paragraph 1.

2. Admits that venue is proper, but otherwise than as expressly admitted, denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 2, so denies the same and puts Petitioners to their proof.

3. Denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 3, so denies the same and puts Petitioners to their proof.

4. Denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 4, so denies the same and puts Petitioners to their proof.

5. Denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 5, so denies the same and puts Petitioners to their proof.

6. Admits the allegations of paragraph 6, upon information and belief.

7. Admits the allegations of paragraph 7, upon information and belief.

8. Denies the allegations of paragraph 8. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' allegations in paragraph 8 and/or the Court validates Petitioners' allegations in paragraph 8 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

9. Admits the S.S. EL FARO was lost in a storm on or about 1 October 2015, but otherwise than as expressly admitted, denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 9, so denies the same and puts Petitioners to their proof.

10. Denies the allegations of paragraph 10. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' allegations in paragraph 10 and/or the Court validates Petitioners' allegations in paragraph 10 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

11. Denies the allegations of paragraph 11. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' allegations in paragraph 11 and/or the Court validates Petitioners' allegations in paragraph 11 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

12. Denies the allegations of paragraph 12. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' allegations in paragraph 12 and/or the Court validates Petitioners' allegations in paragraph 12 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

13. Denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 13, so denies the same and puts Petitioners to their proof.

14. Denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 14, so denies the same and puts Petitioners to their proof.

15. Admits the allegations of paragraph 15.

16. The allegations of paragraph 16 comprise conclusions of law to which UPS need not respond. However if a response is nevertheless determined necessary for any reason, UPS responds as follows: denies Petitioner's entitlement to exoneration from liability as set forth in paragraph 16. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' entitlement to exoneration from liability as set forth in paragraph 16 and/or the Court validates Petitioners' allegations in paragraph 16 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

17. The allegations of paragraph 17 comprise conclusions of law to which UPS need not respond. However if a response is nevertheless determined necessary for any reason, UPS responds as follows: denies Petitioner's entitlement to limitation of liability as set forth in paragraph 17. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' entitlement to limitation of liability as set forth in paragraph 17 and/or the Court validates Petitioners' allegations in paragraph 17 for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

18. The allegations of paragraph 18 comprise conclusions of law to which UPS need not respond. However if a response is nevertheless determined necessary for any reason, UPS responds as follows: denies knowledge and information sufficient to determine the truth or falsity of the matters alleged in paragraph 18, so denies the same and puts Petitioners to their proof.

19. The prayer of Petitioners' Complaint comprise conclusions of law to which UPS need not respond. However if a response is nevertheless determined necessary for any reason, UPS responds as follows: denies the allegations of Petitioners' prayer for relief. Notwithstanding said denial, in the event the evidence ultimately supports Petitioners' prayer for relief and/or the Court validates Petitioners' prayer for relief for any reason, UPS reserves the right to claim the benefit of any such evidence and/or validation as to claims pending against UPS arising from the loss of the S.S. EL FARO.

## AFFIRMATIVE DEFENSES OF UPS

### *First Affirmative Defense*

20. Petitioners' Complaint fails to state a claim upon which relief can be granted. Notwithstanding said allegation, in the event the evidence ultimately supports a contrary finding

4

in favor of Petitioners and/or the Court makes a contrary determination in favor of Petitioners for any reason, UPS reserves the right to claim the benefit of any such evidence and/or determination as to claims pending against UPS arising from the loss of the S.S. EL FARO.

### *Second Affirmative Defense*

21.     At all times material herein, the Petitioners, in their respective capacities as owners and/or operators of the S.S. EL FARO, failed to exercise due diligence to maintain the S.S. EL FARO in seaworthy condition.  The S.S. EL FARO was not properly maintained, manned, equipped, supplied, and/or operated for the services in which it was engaged at the time of the casualty.  Notwithstanding said allegations, in the event the evidence ultimately supports a contrary finding in favor of Petitioners and/or the Court makes a contrary determination in favor of Petitioners for any reason, UPS reserves the right to claim the benefit of any such evidence and/or determination as to claims pending against UPS arising from the loss of the S.S. EL FARO.

### *Third Affirmative Defense*

22.     At all times material herein, the S.S. EL FARO was operated in a willful, wanton, negligent and reckless manner and/or in a manner in violation of applicable law with the privity and knowledge of the Petitioners.  Notwithstanding said allegations, in the event the evidence ultimately supports a contrary finding in favor of Petitioners and/or the Court makes a contrary determination in favor of Petitioners for any reason, UPS reserves the right to claim the benefit of any such evidence and/or determination as to claims pending against UPS arising from the loss of the S.S. EL FARO.

### *Fourth Affirmative Defense*

23.     At all times material herein, the Petitioners had privity and knowledge of the weather conditions and in a conscious disregard of a known risk allowed the S.S. EL FARO to sail

perilous conditions for which the vessel was unfit. Notwithstanding said allegations, in the event the evidence ultimately supports a contrary finding in favor of Petitioners and/or the Court makes a contrary determination in favor of Petitioners for any reason, UPS reserves the right to claim the benefit of any such evidence and/or determination as to claims pending against UPS arising from the loss of the S.S. EL FARO.

## (COUNTER) CLAIM OF UPS

### *Claim #1 - for Containerized Cargoes*

24. UPS hereby realleges and incorporates the foregoing paragraphs of its Answer and Affirmative Defenses as if fully set forth herein. UPS brings this (Counter) Claim in accordance with the Court's "Notice to Claimants of Complaint for Exoneration from or Limitation of Liability," Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and/or 28 U.S.C. § 1367(a).

25. On or about 1 June 2015, UPS Ground Freight, Inc. and Sea Star Line, LLC entered into a Transportation Services Agreement (the "Transportation Agreement") which was in full force and effect at all times material herein.

26. On or about 29 September 2015, UPS tendered three ocean containers of goods to Petitioners (the "Containers") for water transportation from Jacksonville, Florida to San Juan, Puerto Rico aboard the S.S. EL FARO. The Containers are identified as:

    (a) Container number BMOU 4599368 under booking number VSSL000228719;

    (b) Container number GESU6623517 under booking number VSSL228036; and

    (c) Container number CRSU 9254466 under booking number VSSL000228718.

27. Each of the Containers were comprised of goods belonging to and owned by UPS' customers, which were entrusted to UPS for transportation pursuant to the tariff of UPS Ground

Freight, Inc., the Carmack Amendment, 49 U.S.C. § 14706 et seq., and/or other applicable contracts and laws. The collective value of said goods stowed in the Containers is no less than USD 449,000.

28. On or about 1 October 2015, the S.S. EL FARO and all her crew and cargo, including the Containers and their content, were lost at sea. The Containers and their content were lost while in the care, custody and control of the Petitioners.

29. The customers of UPS have asserted and continue to assert UPS liability for the content of the Containers.

30. Pursuant to the terms of the Transportation Agreement and/or other applicable contract(s) and/or governing law, the Petitioners are liable for the value of the contents of the Containers in an amount no less than USD 449,000 without exoneration or limitation.

31. Pursuant to the terms of the Transportation Agreement and/or other applicable contract(s) and/or governing law, the Petitioners are liable for all losses, expenses, costs and fees incurred by UPS in addressing and/or resolving the claims brought against UPS arising from the Containers without exoneration or limitation. Said losses, expenses, costs and fees continue to accrue and the aggregate of the same is presently unknown to UPS; UPS seeks leave to amend its (Counter) Claim to assert the true amount of said losses, expenses, costs and fees when they have finally been ascertained.

32. UPS has performed all of its relevant obligations under the Transportation Agreement, except for those obligations which have been excused because of the breaches by Petitioners of their obligations.

*Claim # 2 - for Package Vehicles*

33. Separately and independently from the Containers and the Transportation Agreement, on or about 29 September 2015, the Petitioners accepted five package delivery vehicles belonging to UPS (the "Vehicles") for water transportation from Jacksonville, Florida to San Juan, Puerto Rico aboard the S.S. EL FARO. The Vehicles are identified as:

(a) VIN 4UZAC3DV8GCHL4279;

(b) VIN 4UZAC3DV7GCHL4273;

(c) VIN 4UZAC3DV4GCHL4277;

(d) VIN 4UZAC3DV5GCHL4272; and

(e) VIN 4UZAC3DV1GCHL4270.

34. The collective value of the Vehicles, and the commensurate loss to UPS, is no less than USD 258,275.

35. Pursuant to the terms of the applicable contract(s) for carriage and/or governing law, the Petitioners are liable for the value of the Vehicles in an amount no less than USD 258,275 without exoneration or limitation.

36. Notwithstanding the allegations of UPS within this (Counter) Claim, in the event the evidence ultimately supports a contrary finding in favor of Petitioners and/or the Court makes contrary determinations in favor of Petitioners for any reason, UPS reserves the right to claim the benefit of any such evidence and/or determinations as to claims pending against UPS arising from the loss of the S.S. EL FARO.

**WHEREAS,** UPS pray for judgment as follows:

(a) For declaratory relief in favor of UPS denying Petitioners, and each of them, exoneration of liability for the loss of the Containers and Vehicles;

(b) For declaratory relief in favor of UPS denying Petitioners, and each of them, limitation of liability for the loss of the Containers and Vehicles;

(c) As to Claim #1, for a judgment against the Petitioners, and each of them, for the value of the Containers in an amount not less USD 449,000;

(d) As to Claim #1, for a judgment against the Petitioners, and each of them, for all losses, expenses, costs and fees incurred by UPS in addressing and/or resolving the claims brought against UPS arising from the Containers, in an amount according to proof;

(e) As to Claim #2, for a judgment against the Petitioners, and each of them, for the value of the Vehicles in an amount not less than USD 258,275;

(f) For pre-judgment interest from the date of the loss in an amount according to proof;

(g) For attorneys' fees, court costs and other costs of suit incurred in this action;

(h) For such other and further relief as the Court deems just and proper.

Dated: 17 December 2015

**SPECTOR RUBIN, P.A.**

By: */s/ Marc A. Rubin*
Marc A. Rubin (FBN: 062626)
Continental Plaza
3250 Mary Street, Suite 405
Miami, Florida  33133
Tel: (305) 537-2000
Fax: (305) 537-2001
marc.rubin@spectorrubin.com

AND

Christoph M. Wahner
*(pending admission pro hac vice)*
California Bar No. 240340
COUNTRYMAN & McDANIEL
LAX Airport Center

>5959 West Century Blvd., Ninth Floor
>Los Angeles, CA  90045

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17<u>th</u> day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>**SPECTOR RUBIN, P.A.**
>
>By:    */s/ Marc A. Rubin*
>          Marc A. Rubin (FBN: 062626)