**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

| | |
|---|---|
| In the Matter of the Complaint | CASE NO. 3:15-cv-01297-HES-MCR |
| Of | |
| Sea Star Line, LLC d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO for Exoneration from or Limitation of Liability _____/ | |

## CLAIM AND ANSWER OF NISSAN NORTH AMERICA, INC.

NOW COMES Claimant, Nissan North America, Inc. ("NNA"), responding to the allegations of Plaintiffs' Complaint and filing a claim pursuant to Supplemental Rule (F) of the Supplemental Rules for Admiralty or Maritime Claims, and alleges and says as follows:

## CLAIM

1. Pursuant to the Court's Order (Docket # 10) and Notice (Docket # 11), NNA files this claim for cargo loss.

2. Plaintiffs are Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO, hereinafter collectively "Sea Star."

3. On or about September 29, 2015, NNA tendered eighty-three (83) automobiles to Sea Star, specifically two (2) 2016 Nissan Maxima automobiles and eighty-one (81) 2016 Nissan Rogue automobiles, more fully described in Sea Star's Bill of Lading Nos. SSL000238222 and SSL000238824, for transport by Sea Star as a water carrier from

the Port of Jacksonville, Florida to the Port of San Juan, Puerto Rico, aboard the S.S. EL FARO.  Each automobile belonging to NNA and/or NNA's customer(s) was consigned by them to Sea Star for transportation to Puerto Rico.  Sea Star issued two (2) Bills of Lading for the aforementioned automobiles.

4. The automobiles identified under Bills of Lading No. SSL000238222 had a value to NNA and/or its customer(s) of $1,267,204.00.  A true and accurate copy of Sea Star's Bill of Lading No. SSL000238222 is attached hereto as EXHIBIT A.

5. The automobiles identified under Bill of Lading No. SSL000238824 had a value to NNA and/or its customer(s) of $235,604.00.  A true and accurate copy of Sea Star's Bill of Lading No. SSL000238824 is attached hereto as EXHIBIT B.

6. On or about October 1, 2015, the S.S. EL FARO and all her crew and cargo, including all automobiles tendered by NNA to Sea Star, were lost in a hurricane.

7. NNA was at all times relevant the shipper/seller of the cargo, NNA and/or its customer(s) suffered this cargo loss, and/or NNA may be liable to its customer(s) for the cargo loss described in a total amount of $1,502,808.00.

8. Sea Star d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc. are liable to NNA and/or its customer(s) for the claims asserted herein, as well as freight and insurance costs,  indemnification, and attorneys' fees and costs, pursuant to the terms and conditions of a certain Shipper/Ocean Carrier Service Agreement between NNA and Sea Star dated as of April 1, 2015.  NNA and/or its customer(s) are therefore entitled to a judgment against Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc.,

jointly and severally, and NNA hereby makes claim for said judgment and for such other and further relief as the Court deems just and proper.

## ANSWER

NNA realleges and incorporates the foregoing paragraphs as if fully set forth herein, and responds to Sea Star's Verified Complaint in like-numbered paragraphs as follows:

1. Admitted.

2. Admitted.

3. NNA lacks sufficient knowledge or information to respond to the allegations of Paragraph 3 and therefore denies the same.

4. NNA lacks sufficient knowledge or information to respond to the allegations of Paragraph 4 and therefore denies the same.

5. NNA lacks sufficient knowledge or information to respond to the allegations of Paragraph 5 and therefore denies the same.

6. NNA lacks sufficient knowledge or information to respond to the allegations of Paragraph 6 and therefore denies the same.

7. Upon information and belief, admitted.

8. Denied.

9. With regard to the allegations of Paragraph 9, NNA admits that the S.S. EL FARO was lost in a storm on or about October 1, 2015. NNA lacks sufficient knowledge or information to respond to the remaining allegations of Paragraph 9 and therefore denies the same.

10. Denied.

11. Denied.

12. Denied.

13. NNA lacks sufficient knowledge or information to respond to the allegations of Paragraph 13 and therefore denies the same.

14. Upon information and belief, admitted.

15. Admitted.

16. With regard to the allegations of Paragraph 16, NNA admits that Plaintiffs claim exoneration from liability as alleged but deny that Plaintiffs are entitled to such exoneration. The remaining allegations of Paragraph 16 are denied.

17. With regard to the allegations of Paragraph 17, NNA denies that Plaintiffs are entitled to limit their liability in any way. The remaining allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 purport to state legal conclusions and in this regard require no response; to the extent any response is deemed necessary, NNA denies the allegations of Paragraph 18.

19. The allegations of Plaintiffs' prayers for relief are denied.

20. Each and every allegation of Plaintiffs' Complaint not specifically admitted herein is denied.

Dated this 17th day of December, 2015.

                         **BAKER, DONELSON, BEARMAN,**
                         **CALDWELL & BERKOWITZ, PC**
                         SunTrust Center
                         200 South Orange Avenue
                         Post Office Box 1549
                         Orlando, Florida  32802
                         Telephone:  (407) 422-6600
                         Facsimile:  (407) 841-0325

                         By: /s/ Donald E. Christopher
                              Donald E. Christopher
                              Florida Bar No. 250831
                              *dchristopher@bakerdonelson.com*

OF COUNSEL:

CHRISTOPHER O. DAVIS (LBN 4722)
CHRISTOPHER M. HANNAN (LBN 20037)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone: (504) 566-5200
Telecopier: (504) 636-40000
*codavis@bakerdonelson.com*
*channan@bakerdonelson.com*

                  *Counsel for Nissan North America, Inc.*

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 17, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

                                 /s/ Donald E. Christopher
                                   Donald E. Christopher