IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

IN THE MATTER OF THE COMPLAINT  §
OF  §
SEA STAR LINE, LLC, d/b/a TOTE  §
MARITIME PUERTO RICO, AS OWNERS;§     C.A. NO. 3:15-CV-1297
and TOTE SERVICES, INC., AS OWNER  §
*PRO HAC VICE* OF THE S.S. EL FARO  §
FOR EXONERATION FROM OR  §
LIMITATION OF LIABILITY  §

**ANSWER, AFFIRMATIVE DEFENSES, AND CLAIM OF CHERYL CRAWFORD-GLENN, INDIVIDUALLY AS SURVIVING PARENT OF SYLVESTER CRAWFORD, II**

TO THE HONORABLE JUDGE HARVEY E. SCHLESINGER:

**COMES NOW**, CHERYL CRAWFORD-GLENN (hereinafter referred to as 'Claimant') Individually as Surviving Parent of Sylvester Crawford, II, files this Answer, Affirmative Defenses, and Claim in response to Petitioners Sea Star Lines, LLC, d/b/a TOTE Maritime Puerto Rico and TOTE Services, Inc.'s (hereinafter referred to as 'Petitioners') Verified Complaint for exoneration from or limitation of liability.

## I.    ANSWER

**NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue her claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

1.     The allegations contained in Paragraph 1 of Petitioner's Complaint are admitted.

2.     The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief herein.

3.      The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief herein.

4.      The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief herein.

5.      The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief herein.

6.      The allegations contained in Paragraph 6 are admitted.

7.      The allegations contained in Paragraph 7 are admitted.

8.      The allegations contained in Paragraph 8 are denied.

9.      The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief herein.

10.     The allegations contained in Paragraph 10 are denied.

11.     The allegations contained in Paragraph 11 are denied.

12.     The allegations contained in Paragraph 12 are denied.

13.     The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief herein.

14.     The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief herein.

15.     The allegations contained in Paragraph 15 are admitted.

16.     The allegations contained in Paragraph 16 are conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

17.     The allegations contained in Paragraph 17 are conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

18.     The allegations contained in Paragraph 18 are conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

19.     The allegations contained in Petitioner's prayer for relief are conclusions of law to which no response is necessary from Claimant.  However, if a response should be deemed necessary, said allegations are denied.

## II.    <u>AFFIRMATIVE DEFENSES</u>

**AND NOW,** Claimant asserts the following affirmative defenses:

### FIRST DEFENSE

20.     The Petitioner's Complaint fails to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

21.     This Honorable Court lacks personal jurisdiction over Claimant. FED. R. CIV. P. 12(B)(2).

### THIRD DEFENSE

22.     The Limitation of Liability Act, 46 U.S.C. § 30501 <u>et. seq.</u> is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### FOURTH DEFENSE

23.     The Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. is unconstitutional in that it deprives the Respondents of the right to a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution and other applicable laws.

### FIFTH DEFENSE

24.     The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  At the time of filing, Petitioners' deposit did not meet federal standards. As such, this limitation action must be dismissed.

### SIXTH DEFENSE

25.     Claimant asserts the *flotilla* doctrine.   The limitation fund is inadequate and the Complaint should be dismissed because Petitioners ailed to deposit adequate security for the vessel and for the additional vessels in the flotilla, which were under a common operational control, supervision and enterprise.

### SEVENTH DEFENSE

26.     The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla, which should be included in the limitation fund.

### EIGTH DEFENSE

27.     The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the S.S. EL FARO was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to the death of Sylvester Crawford, II, and

Claimant's damages took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessel involved.

## NINTH DEFENSE

28.    The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the S.S. EL FARO was known by its owner and/or owner *pro hac vice* to be unseaworthy.

## TENTH DEFENSE

29.    To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to the vessel's insurer(s) under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

## ELEVENTH DEFENSE

30.    The Petitioners' Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of her Claim and Answer herein.

## TWELFTH DEFENSE

31.    The events culminating in the death of Sylvester Crawford, II and Claimant's damages were the result of the negligence, fault, or want of due care, on the part of Petitioners and/or those for whom Petitioners are responsible under common operational control, supervision and enterprise, all of which were within the privity and knowledge of Petitioners, for which the limitation Complaint should be denied.

### THIRTEENTH DEFENSE

32.    The events culminating in the death of Sylvester Crawford, II and Claimant's damages were not the result of any negligence, fault, or want of due care on the part of Sylvester Crawford, II, or those from whom he may be responsible.

### FOURTEENTH DEFENSE

33.    Claimant further alleges that there was insurance coverage on the S.S. EL FARO insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claim herein, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines that these limitation proceedings are appropriate).

### FIFTEENTH DEFESE

34.    Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner(s) from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner(s), as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### SIXTEENTH DEFENSE

35.    In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies.  The filing of this Claim and Answer is in no way a waiver of this right and defense, and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## SEVENTEENTH DEFENSE

36.     Claimant specifically reserves all rights to pursue all available claims in the forum of her

choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty

court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part

of this Claim and Answer is a waiver of this defense or rights. Claimant will move the Court to

lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.,*

362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co.*

*(Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937),

upon Claimant's failure to obtain relief in this limitation action (should resolution of this action

precede judgment in other actions), Claimant hereby asserts and claims her right to have her

claims and damages tried to a jury in a court of her choosing.

## EIGHTEENTH DEFENSE

37.     The purpose of a limitation action is to provide a single forum for determining whether

the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value

of the vessel and pending freight, and how the funds are to be distributed to the claimants. *See*

46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND

MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this

action, a limitation proceeding is inappropriate and unjustified.

## NINETEENTH DEFENSE

38.     Claimant reserves the right to contest the appraisal value of the S.S. EL FARO, its

engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

## TWENTIETH DEFENSE

39.     The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

## III.   CLAIM

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue her claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant Cheryl Crawford-Glenn, Individually as Surviving Parent of Sylvester Crawford, II, files her Claim in the Complaint for exoneration from or limitation of liability, and states as follows:

40.     Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.

## JURISDICTION AND PARTIES

41.     Claimant, Cheryl Crawford-Glenn, is a resident of Buford, Georgia. Claimant is the surviving parent of Sylvester Crawford, II, deceased.

42.     Petitioner, Sea Star Line, LLC d/b/a TOTE Maritime Puerto Rico, is a foreign corporation incorporated under the laws of Delaware and with a principal place of business in Jacksonville, Florida. At all relevant times, Sea Star Line, LLC was the registered owner of the S.S. EL FARO.

43.     Petitioner, TOTE Services, Inc., is a foreign corporation incorporated under the laws of Delaware and with a principal place of business in Jacksonville, Florida. At all relevant times, TOTE Services, Inc. was the Owner *pro hac vice* of the S.S. EL FARO.

44.     Claimant's cause of action arises under the Jones Act, 46 U.S.C. § 30104, general maritime law of the United States, the Death on the High Seas Act, 46 U.S.C. § 30301 *et seq.*, and any other applicable wrongful death or survival statute.

### FACTS

45.     Prior to his untimely death, Sylvester Crawford, II, contributed both financial and non-economic support to his mother, Cheryl Crawford-Glenn.

46.     At all material times, Sylvester Crawford, II was a Jones Act seaman employed by Petitioners, who contributed to, and aided, the S.S. EL FARO in its mission on navigable waters.

47.     Sylvester Crawford, II, lost his life as a result of the senseless sinking of the S.S. EL FARO, and he sustained serious physical and mental injuries during the events leading up to the sinking of the S.S. EL FARO.  Decedent and Claimant suffered severe injuries and damages as a result of this occurrence.

48.     On or about September 30, 2015, the S.S. EL FARO sailed near the eye of what was at that time Hurricane Joaquin, a category one hurricane with winds at or beyond 75 miles per hour. The S.S. EL FARO was on a voyage from Jacksonville, Florida to San Juan, Puerto Rico.

49.     During and before the S.S. EL FARO's last voyage, the National Weather Service issued several warnings regarding the strength and path of Hurricane Joaquin. Despite the weather information available to Petitioners, Petitioners allowed the S.S. EL FARO to continue in its voyage into the path of Hurricane Joaquin.

50.     At some point on or about October 1, 2015, the S.S. EL FARO experienced engine failure, the ship was listing at approximately fifteen degrees, and water was coming into the ship through a hatch that had burst open.

## CAUSE OF ACTION FOR UNSEAWORTHINESS OF THE S.S. EL FARO

51.     Claimant repeats, re-alleges and readopts the paragraphs above, as if stated herein and further alleges:

52.     On or about October 1, 2015, Decedent was within the course and scope of his employment as a crewmember and was performing his normal duties aboard the S.S. EL FARO while the S.S. EL FARO was underway in navigable waters.

53.     Pursuant to the general maritime law of the United States, Petitioners as owners and/or operators of the S.S. EL FARO owed Decedent an absolute and non-delegable duty to provide him with a vessel that was seaworthy in all respects.

54.     Petitioners breached said duty to Defendant.  Claimant contends that a vessel that sinks and kills all of its crewmembers is unseaworthy as a matter of law.  The S.S. EL FARO was also unseaworthy in one or more of the following respects:

        a.   The S.S. EL FARO was not properly maintained and constituted a dangerous condition;

        b.   The S.S. EL FARO had unsafe equipment that was not in working order;

        c.   The S.S. EL FARO lacked adequate safety and rescue equipment and gear;

        d.   The S.S. EL FARO lacked adequate weather monitoring equipment;

        e.   The S.S. EL FARO lacked the implementation and enforcement of sound management policies necessary to ensure a safe place to work; and,

        f.   Other unseaworthy conditions as determined at the time of trial.

55.     Prior to Decedent's injury and death, Petitioners failed to investigate the hazards of the vessel and take necessary steps to eliminate, minimize, or warn Decedent of said hazards.

56.    The unseaworthiness of the S.S. EL FARO occurred within the privity and knowledge of Petitioners.

57.    Sylvester Crawford, II, was killed as a direct and proximate result of the unseaworthiness of the S.S. El Faro.  Petitioners are liable to Claimant, as surviving parent of Sylvester Crawford, II, for the following damages:

      a.  Loss of services and support;

      b.  Loss of nurture, guidance, care, and instruction;

      c.  Loss of inheritance; and,

      d.  All other damages recoverable by law.

58.    As a result of the S.S. EL FARO's unseaworthiness, Sylvester Crawford, II, was killed. Claimant has suffered damages in a sum far in excess of the minimum jurisdictional requirements of this Honorable Court, for which she now sues.

### CAUSE OF ACTION FOR PETITIONERS' NEGLIGENCE

59.    Claimant hereby asserts an action for negligence under the Jones Act, 46 U.S.C. § 30104 and/or the general maritime law of the United States.

60.    Claimant repeats, re-alleges and readopts the paragraphs above, as if stated herein and further alleges:

61.    Petitioners owed an absolute duty to provide a safe working environment to Decedent and to act reasonably in the maintenance and operation of the S.S.EL FARO.  Petitioners breached said duties to Sylvester Crawford, II.

62.    Petitioners  negligent, negligent per se, grossly negligent and reckless in the following respects:

      a.     Petitioners failed to provide a safe working environment to Decedent;

11

b.   Petitioners failed to heed warnings regarding adverse weather conditions in or near the S.S. EL FARO's projected route;

c.   Petitioners proceeded to sail the S.S. EL FARO into the path of Hurricane Joaquin;

d.   Petitioners failed to account for serious weather hazards;

e.   Petitioners failed to maintain their vessel;

f.   Petitioners failed to inspect their vessel;

g.   Petitioners failed to adequately maintain, repair, and/or alter the S.S. EL FARO or remove it from service;

h.   Petitioners failed to adequately maintain, repair, and/or alter the S.S. EL FARO in a timely fashion before it left port;

i.   Petitioners failed to adequately supervise its employees, agents and/or contractors;

j.   Petitioners failed to adequately train its employees, agents and/or contractors;

k.   Petitioners failed to provide adequate safety equipment;

l.   Petitioners failed to conduct a proper search and rescue mission; and,

m.   Petitioners are liable for any other acts of negligence as determined at the time of trial.

63.   The acts of negligence committed by Petitioners' agents, servants, and/or employees, including the Captain of the S.S. EL FARO, arose directly out of and was done in prosecution of the business that they were employed to do by their principals or employers. Petitioners are, therefore, vicariously liable under the doctrine of Respondeat Superior for the negligent actions of their employees.

64.     Petitioners' negligent acts and omissions occurred within the privity and knowledge of Petitioners.

65.     Sylvester Crawford, II was killed as a direct and proximate result of Petitioners' negligence. Petitioners are liable to Claimant, as surviving parent of Sylvester Crawford, II, for the following damages:

      a.  Loss of services and support;

      b.  Loss of nurture, guidance, care, and instruction;

      c.  Loss of inheritance; and,

      d.  All other damages recoverable by law.

66.     As a result of the Petitioners' negligence, Sylvester Crawford, II, was killed. Claimant has suffered damages in a sum far in excess of the minimum jurisdictional requirements of this Honorable Court, for which she now sues.

## SURVIVAL ACTON FOR NEGLIGENCE FOR PRE-DEATH PAIN AND SUFFERING UNDER THE JONES ACT AGAINST PLAINTIFFS SEA STAR AND/OR TOTE

67.     Claimant re-alleges, adopts and incorporates by reference the allegations contained in paragraphs one through sixty-seven as is fully set forth herein.

68.     Sea Star and/or Tote at all material times were the Jones Act Employers of Decedent.

69.     Plaintiffs owed Sylvester Crawford, II a duty of reasonable care for his safety; including care to maintain the Vessel in a reasonably safe condition and to operate said vessel safely.

70.     Plaintiffs breached this duty and were careless and negligent by providing a Vessel that was unsafe and unfit due to conditions created by Plaintiffs' conduct, including, but not limited to:

      a.  Failure to perform reasonably necessary repairs on their Vessel;

      b.  Accepting improper, below industry standard repairs on their Vessel;

13

c.  Overloading or improperly loading their Vessel;

d.  Ordering their Vessel to sail on the predetermined route despite knowing the Vessel would be and was headed into a Hurricane and/or treacherous weather and sea conditions.

e.  Failure to navigate the Vessel around and/or away from the Hurricane when the opportunity to do so still existed;

f.  Failure to navigate the Vessel into a safe harbor when the opportunity to do so still existed and after receiving notice that weather and sea conditions were worsening and had been upgraded to hurricane status;

g.  Failure to navigate their Vessel on a safe route in light of the known worsening and dangerous weather and sea conditions when the opportunity to do so still existed;

h.  Exposing their Vessel to treacherous weather and sea conditions that said Vessel, in light of its age and substandard conditions, was unfit to navigate safely;

i.  Failure to use reasonable care to provide Decedent with a safe place to work;

j.  Failure to use reasonable care to inspect their Vessel, including the equipment and cargo on board;

k.  Failure to use reasonable care to maintain their Vessel, including equipment on board;

l.  Failure to warn crew members, including Decedent, of the dangers associated with the intended voyage from Jacksonville, Florida to San Juan, Puerto Rico in light of the anticipated worsening;

m.     Failure to provide adequate training, instruction and supervision to Captain

Davidson and crew relative to navigating safely the dangerous weather and sea

conditions their Vessel was likely to encounter on this last voyage;

n.     Failure to promulgate and/or enforce safety of the crew and integrity of their

Vessel would not be subordinated to Plaintiffs' unreasonable adherence to

avoiding costs associated with a delayed cargo delivery.

71.     Plaintiffs' knew or should have known of all the above conditions causing the death of the

El Faro crew members, including Sylvester Crawford, II, but chose not to correct then, despite

having sufficient time to do so, before the Vessel sank and crew perished at sea.

72.     Plaintiffs' breach of their duties as described above caused Sylvester Crawford, II to

suffer bodily injury, physical pain, emotional distress and mental anguish before he perished at

sea.

73.     The Jones Act, 46 U.S.C. § 688, provides the remedy of a survival action for the

decedent's pre-death pain and suffering.

## PUNITIVE DAMAGES

74.     Claimant is entitled to recover punitive damages from Petitioners because Petitioners

were grossly negligent and reckless in their conduct as described above. Petitioners' conduct

leading up to and following the sinking of the S.S. EL FARO was willful, wanton, arbitrary and

capricious.  In a glaring disregard of Sylvester Crawford's life and the lives of his fellow

crewmembers, Petitioners sailed the S.S. EL FARO into the path of Hurricane Joaquin.

Petitioners did so with knowledge of the weather conditions and serious safety risks involved.

75.     Moreover, in accordance with the United States Supreme Court's ruling in *Atlantic*

*Sounding* and *Baker*, Claimant is entitled to recover punitive damages from Petitioners under the general maritime law because of the unseaworthiness of the S.S. EL FARO.

76.   The vessel's unseaworthiness and the negligent acts and omissions alleged herein were within the knowledge and privity of Petitioners.

**JURY DEMAND**

77.   Claimant hereby requests a trial by jury.

**PRAYER**

78.   **WHEREFORE, PREMISES CONSIDERED**, Claimant prays for the following relief:

    a.  Petitioners' Complaint for Exoneration From and Limitation of Liability be in all things denied and dismissed;

    b.  The injunction or restraining order in this limitation proceeding be lifted and dissolved, and Claimant be permitted to proceed with the prosecution of her claim;

    c.  There be judgment in favor of Claimant against Petitioners, both jointly and severally, for all damages as are reasonable and alleged herein, together with pre- and post-judgment interest at the maximum rate allowed by law;

    d.  Any and all such other relief to which Claimant may be justly entitled.

16

Respectfully submitted,


SULLIVAN & COMPANY


*/s/ G.J. Rod Sullivan, Jr.*
**G.J. Rod Sullivan, Jr., Esquire**
Florida Bar No.: 356794
8777 San Jose Boulevard, Suite 803
Jacksonville, Florida 32217
TEL:   (904) 355-6000
FAX:   (904) 737-0920
Rs@fml-law.com
darchibald@floridamaritimelawyers.com
COUNSEL FOR CLAIMANT,
WILLA YOLANDA CRAWFORD

And

SCHECHTER,MCELWEE,SHAFFER & HARRIS, L.L.P.
**Matthew D. Shaffer**
Texas Bar No.: 18085600
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (713) 751-0412
mshaffer@smslegal.com
COUNSEL FOR CLAIMANT,
WILLA YOLANDA CRAWFORD


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true a correct copy of foregoing document was served on all known counsel of record on this the 18th day of December 2015 by the Case Management/Electronic Case Filing system for the United States District Court for the Middle District of Florida in accordance with the Federal Rules of Civil Procedure.


*/s/ G.J. Rod Sullivan, Jr.*
G.J. Rod Sullivan, Jr., Esquire