**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

In the Matter of the Complaint                    CASE NO. 3:15-cv-01297-HES-MCR

Of

Sea Star Line, LLC d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE Services,
Inc., as Owner *pro hac vice* of the
S.S. EL FARO for Exoneration from or
Limitation of Liability
_____/

## CLAIM AND ANSWER OF CARDINAL HEALTH

NOW COMES Claimant, Cardinal Health, responding to the allegations of Plaintiffs' Complaint and filing a claim pursuant to Supplemental Rule (F) of the Supplemental Rules for Admiralty or Maritime Claims, and alleges and says as follows:

## CLAIM

1. Pursuant to the Court's Order (Docket # 10) and Notice (Docket # 11), Cardinal Health files this claim for cargo loss.

2. Plaintiffs are Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico, as Owners; and TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO, hereinafter collectively "Sea Star."

3. On or about September 29, 2015, Cardinal Health tendered certain skids, boxes, and cases of various medical supplies to Sea Star, all of which are more fully described in Sea Star's Bill of Lading Nos. SSL000226533 and SSL000229031, for transport by Sea Star as a water carrier from the Port of Jacksonville, Florida to the Port of San Juan,

Puerto Rico, aboard the S.S. EL FARO. All of the medical supplies belonging to Cardinal Health and/or Cardinal Health's customer(s) was consigned by them to Sea Star for transportation to Puerto Rico. Sea Star issued two (2) Bills of Lading for the aforementioned medical supplies.

4. The medical supplies identified under Bill of Lading Nos. SSL000226533 and SSL000229031 had a conglomerate value of $312,141.00, as indicated in Cardinal Health's invoices issued to its customer(s) for those medical supplies. True and accurate copies of Sea Star's Bills of Lading Nos. SSL000226533 and SSL000229031 are attached hereto as EXHIBITS A and B, respectively, and Cardinal Health's invoices are attached as COMPOSITE EXHIBIT C.

5. On or about October 1, 2015, the S.S. EL FARO and all her crew and cargo, including all medical supplies tendered by Cardinal Health to Sea Star, were lost in a hurricane.

6. Cardinal Health was at all times relevant the shipper/seller of the medical supplies cargo, Cardinal Health and/or its customer(s) suffered this cargo loss, and/or Cardinal Health may be liable to its customer(s) for the cargo loss described in a total amount of $312,141.00.

7. Sea Star d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc. are liable to Cardinal Health and/or its customer(s) for the claims asserted herein; as well as freight and insurance, and legal fees and costs, pursuant to the terms and conditions of a certain Transportation Services Agreement (TSA) between Cardinal Health and Sea Star dated as of June 30, 2015. Cardinal Health and/or its customer(s) are therefore entitled to a

judgment against Sea Star Line, LLC, d/b/a TOTE Maritime Puerto Rico and/or TOTE Services, Inc., jointly and severally, and NNA hereby makes claim for said judgment and for such other and further relief as the Court deems just and proper.

## ANSWER

Cardinal Health realleges and incorporates the foregoing paragraphs as if fully set forth herein, and responds to Sea Star's Verified Complaint in like-numbered paragraphs as follows:

1. Admitted.

2. Admitted.

3. Cardinal Health lacks sufficient knowledge or information to respond to the allegations of Paragraph 3 and therefore denies the same.

4. Cardinal Health lacks sufficient knowledge or information to respond to the allegations of Paragraph 4 and therefore denies the same.

5. Cardinal Health lacks sufficient knowledge or information to respond to the allegations of Paragraph 5 and therefore denies the same.

6. Cardinal Health lacks sufficient knowledge or information to respond to the allegations of Paragraph 6 and therefore denies the same.

7. Upon information and belief, admitted.

8. Denied.

9. With regard to the allegations of Paragraph 9, Cardinal Health admits that the S.S. EL FARO was lost in a storm on or about October 1, 2015. Cardinal Health lacks

sufficient knowledge or information to respond to the remaining allegations of Paragraph 9 and therefore denies the same.

10. Denied.

11. Denied.

12. Denied.

13. Cardinal Health lacks sufficient knowledge or information to respond to the allegations of Paragraph 13 and therefore denies the same.

14. Upon information and belief, admitted.

15. Admitted.

16. With regard to the allegations of Paragraph 16, Cardinal Health admits that Plaintiffs claim exoneration from liability as alleged but deny that Plaintiffs are entitled to such exoneration. The remaining allegations of Paragraph 16 are denied.

17. With regard to the allegations of Paragraph 17, Cardinal Health denies that Plaintiffs are entitled to limit their liability in any way. The remaining allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 purport to state legal conclusions and in this regard require no response; to the extent any response is deemed necessary, Cardinal Health denies the allegations of Paragraph 18.

19. The allegations of Plaintiffs' prayers for relief are denied. Cardinal Health further hereby that Sea Star is not entitled to exoneration from or limitation of liability (under 46 U.S.C. §30501 *et seq.* and/or Rule F of the Supplemental Rules of Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure) in connection with the sinking of the EL FARO.  Accordingly, Cardinal Health further avers that Sea Star is **not entitled to**:

 a. any injunction restraining the commencement or prosecution of any action or actions against Sea Star, its employees, and/or their insurers with respect to Cardinal Health's claims related to the sinking of the S.S. EL FARO;

 b. any judgment exonerating or limiting Sea Star's liability for Cardinal Health's damages resulting from the sinking of the S.S. EL FARO.

20. Each and every allegation of Plaintiffs' Complaint not specifically admitted herein is denied.

21. Cardinal Health reserves its right to amend this Answer to add additional affirmative defenses as discovery proceeds and as additional information becomes available.

Dated this 21st day of December, 2015.

        **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
        SunTrust Center
        200 South Orange Avenue
        Post Office Box 1549
        Orlando, Florida  32802
        Telephone:  (407) 422-6600
        Facsimile:  (407) 841-0325

        By: */s/ Michelle F. Zaltsberg*
            Michelle F. Zaltsberg
            Florida Bar No. 72908
            *mzaltsberg@bakerdonelson.com*

OF COUNSEL:

CHRISTOPHER O. DAVIS (LBN 4722)
CHRISTOPHER M. HANNAN (LBN 31765)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone: (504) 566-5200
Telecopier: (504) 636-40000
*codavis@bakerdonelson.com*
*channan@bakerdonelson.com*

*Counsel for Cardinal Health*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

        */s/ Michelle F. Zaltsberg*
            Michelle F. Zaltsberg