UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

---------------------------------------------------------x
In the Matter of the Complaint

Of

Sea Star Lines, LLC, d/b/a TOTE
Maritime Puerto Rico, as Owners; and
TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO for
Exoneration from or Limitation of
Liability
---------------------------------------------------------x

Case No.: 3:15-CV-01297(HES)(MCR)

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM and THIRD-PARTY COMPLAINT OF:**

**SEGUROS UNIVERSAL, S.A.**

**ANSWER TO COMPLAINT**

**COMES NOW**, Claimant, SEGUROS UNIVERSAL, S.A. as Subrogee of Spectrum Logistics, Inc. (hereinafter "Counterclaim Plaintiff" or "Seguros") by its attorneys, **Caruso Glynn, llc** and **CASSIDY & BLACK, P.C.** answering the Complaint of Petitioner upon information and belief as follows:

1. Admits the allegations contained in paragraph "1" of the Complaint.

2. Denies the allegations contained in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint regarding the legal status of Sea Star Line, LLC and denies that it was, at all relevant times, the registered Owner of the *S.S. El Faro*.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint regarding the legal status of Tote Services, Inc. and denies that it was, at all relevant times, the Owner *pro hac vice* of the *S.S. El Faro*.

5. Denies the allegations contained in paragraph "5" of the Complaint.

6. Admits the allegations contained in paragraph "6" of the Complaint.

7. Admits the allegations contained in paragraph "7" of the Complaint.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint.

11. Denies the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15. Admits the allegations contained in paragraph "15" of the Complaint.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

19. The Complaint fails to state a claim against upon which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

20. The Complaint fails to name a necessary party.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

21. Petitioners lack standing to bring this action.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

22.     Prior to and at all times relevant to the Complaint, Petitioners, as owners and/or operator of the Vessel, failed to exercise due diligence to maintain the vessel in a seaworthy condition in all respects; and the Vessel was not in fact tight, staunch, strong and properly or competently manned, equipped and supplied and was not seaworthy and fit and proper for the service in which she was engaged.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

23.     Petitioners, as owner and/or operator of the Vessel, are not entitled to either exoneration from or limitation of liability pursuant to 46 U.S.C. §30501, et seq., for any and all loss, damage and/or injury caused by the alleged incident, or done, occasioned or incurred on the relevant voyage on which the alleged incident occurred because te unseaworthy condition of the vessel was within the privity and knowledge of Petitioners, including the privity and knowledge of the master, executive officer, superintendent and/or managing agent which are imputed to Petitioners.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

24.     The alleged occurrence, loss, damage and/or injuries referred to in the Complaint were caused or contributed to by the negligence of Petitioners in their capacity as owner and/or operator of the Vessel and/or as a result of Petitioners' violations of applicable federal safety and operating regulations and/or statutes.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

25.     The amount of security posted by the Petitioners or on their behalf in this limitation proceeding is neither sufficient nor adequate to properly discharge Petitioners' liabilities and obligations, nor does it reflect the correct values required by law. This Court should, therefore, strike

the Complaint or, failing that, order Petitioners to submit their interests in the Vessel and other property for re-evaluation and thereafter direct that Petitioners file security in an increased amount to cover the claims herein.

### AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26. The amount of security sought in the Complaint is insufficient and must be increased because, *inter alia*, such amount does not adequately reflect the value of the vessel together with pending freight.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

27. Petitioners are not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence or want of due care by Petitioners, their agents, employees and/or servants.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. Petitioners are jointly and severally liable for the negligent acts of third parties who are not entitled to exoneration and/or limitation of liability.

### AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29. The action or part thereof is founded upon improper venue and should be transferred pursuant to 28 U.S.C. §§1404 and/or 1406(a).

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

30. Petitioners have failed to make proper service of process upon Claimant/Counterclaim Plaintiff.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

31. This Answer and Counterclaim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

## CLAIMANT'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT

32. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

33. At and during the times hereinafter mentioned, Counterclaim Plaintiff Seguros Universal, S.A. had and now has the legal status and principal place of business stated in Schedule "B" attached hereto and by this reference made a part hereof.

34. At and during all the times hereinafter mentioned, the Petitioners and the third-party defendants had and now has the legal status and offices and places of business stated in Schedule "B", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel(s) which is now, or will be within the jurisdiction of this Court during the pendency of this action.

35. On or about the dates and at the port of shipment stated in Schedule "A" attached hereto and by this reference made a part hereof, there was delivered to the vessel and Petitioners and third-party defendants in good order and condition, the shipment described in Schedule "A", which said vessel, Petitioners and third-party defendants accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "A."

36. Thereafter, the said vessel, Petitioners and third-party defendants failed to deliver claimant's shipment.

37.     By reason of the premises, the above named vessel, Petitioners and third-party defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

38.     Counterclaim Plaintiff was the consignee, owner, or underwriter of the shipment described in Schedule "A", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Counterclaim Plaintiff is entitled to maintain this action.

39.     Counterclaim Plaintiff has duly performed all duties and obligations on its part to be performed.

40.     By reason of the premises, Counterclaim Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $290,958.60.

WHEREFORE, SEGUROS demands:

(a)     Judgment dismissing the Complaint herein, awarding costs, fees, including reasonable attorneys' fees and disbursements of this action;

(b)     That process in due form of law may issue against third-party defendants citing them to appear and answer all and singular the matters aforesaid;

(c)     That if third-party defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $290,958.60, with interest thereon and costs, the sum sued for in this Complaint;

(d) That judgment may be entered in favor of SEGUROS against Petitioners and third-party defendants for the amount of SEGUROS' damages, together with interest and costs and the disbursements of this action;

(e) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Counterclaim Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

(f) That this Court will grant to SEGUROS such other and further relief as may be just and proper.

Dated: New York, New York
December 23, 2015

        Yours, etc.,

        **CARUSO GLYNN, LLC**
        Attorneys for Claimant/Counterclaim Plaintiff
        *Seguros Universal, S.A.*

      By: *Lawrence C. Glynn*
        Lawrence C. Glynn
        (Application for Pro Hac Vice Admission Submitted)
        36 Peck Slip - Nelson Blue Bldg.
        New York, New York 10038
        (718) 570-3338
        lglynn@carusoglynn.com

Yours, etc.,

**Cassidy & Black, P.A.**
Attorneys for Claimant/Counterclaim Plaintiff
*Seguros Universal, S.A.*

By: *William E. Cassidy*
William E. Cassidy (FL. Bar No.: 266477)
7700 North Kendall Drive, Suite 505
Miami, FL 33156
(305) 271-8301
*wcassidy@marlaw.com*

## **SCHEDULE A**

| | |
|---|---|
| Vessel: | M/V El Faro |
| Insured: | Spectrum Logistics, Inc. |
| Bills of Lading: | SES15004758 |
| Date of Shipment: | September 29, 2015 |
| Port of Shipment: | Jacksonville, FL |
| Port of Discharge: | Santo Domingo, DR |
| Description: | 6 - 2016 Ford Mustangs;<br>12 - 2016 Ford Explorers |
| Nature: | Total Loss due to vessel sinking |
| Amount: | $290,958.60 |
| CG File No.: | 42.100115.06 |

## SCHEDULE B

**Plaintiff's Legal Status and Office and Place of Business:**

1.     Seguros Universal, S.A. is a corporation existing under and by virtue of foreign law.

**Third-Party Defendants' Legal Status and Office and Place of Business:**

2.     At all times relevant, Defendant, Tote Inc. was the beneficial owner of *M/V El Faro*. Tote Inc. is a corporation or other business entity existing under and by virtue of the laws of a State of the United States of America with an office and place of business at 125 Village Blvd., #230, Princeton, NJ 08540.

3.     Defendant, Tote Shipholdings Inc., was the registered owner of *M/V El Faro*. Tote Shipholding Inc. is a corporation or other business entity existing under and by virtue of the laws of a State of the United States of America with an office and place of business at 10550 Deerwood Park Boulevard, Suite 602, Jacksonville, FL 32256-2811.

**CERTIFICATE OF SERVICE**

I hereby certify that on December  23 , 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By:  /s/ *William E. Cassidy*
         WILLIAM E. CASSIDY, ESQUIRE

**SERVICE LIST**

George D. Gabel, Jr., Esq.
Jennifer L. Kifer, Esq.
Lawrence Joseph Hamilton, II, Esq.
Suzanne M. Judas, Esq.
Timothy J. Conner, Esq.
**Holland & Knight, LLP**
*Attorneys for Sea Star Line, LLC, etc.
and Tote Services, etc.*
Suite 3900
50 N Laura St
Jacksonville, FL 32202
(904) 358-1872
*george.gabel@hklaw.com
jennifer.kifer@hklaw.com
larry.hamilton@hklaw.com
suzanne.judas@hklaw.com
timothy.conner@hklaw.com*

Vincent J. Foley, Esq.
**Holland & Knight, LLP**
*Attorneys for Sea Star Line, LLC, etc.
and Tote Services, etc.*
31 West 52nd Street
New York, N.Y. 10019
*vincent.foley@hklaw.com*

Lawrence J. Roberts, Esq.
**LAWRENCE J. ROBERTS &
ASSOCIATES, P.A.**
*Attorneys for Claimant
Estes Express Lines*
249 Catalonia Avenue
Coral Gables, FL 33134
(305) 441-7882

Chester Hooper, Esq.
Michael A. DeIulis, Esq.
**Holland & Knight, LLP**
*Attorneys for Sea Star Line, LLC, etc.
and Tote Services, etc.*
10 St. James Avenue
Boston, MA 02116-3889
*chester.hooper@hklaw.com*

Thomas K. Equels, Esq.
John H. Hickey, Esq.
Judson H. Orric, Esq.
**EQUELS LAW FIRM**
*Attorneys for Claimant/Third-Party Plaintiff*
*KAREN SCHOENLY, personally and as*
*Survivor and Personal Representative*
*of the Estate of HOWARD SCHOENLY,*
*deceased*
860 North Orange Avenue
Orlando, FL 32801
(888) 378-3571

Michael P. Hamaway
**Mombach, Boyle, Hardin & Simmons, PA**
*Attorneys for Patrick John Smith, Deceased,*
*Howard Schoenly, Mildred Solar-Cortes as*
*Personal Representative of the Estate of*
*German Solar-Cortes and*
*Tinisha Renee Thomas, as Personal*
*Representative of the Estate of*
*Anthony Shawn Thomas, Deceased*
100 NE 3rd Ave., Suite 1000
Ft. Lauderdale, FL 33301-1177
(954) 467-2200
mhamaway@mbhlawyer.com

Stephen J. Pajcic, III, Esq.
Thomas F. Slater, Esq.
Benjamin E. Richard, Esq.
Michael S. Pajcic, Esq.
**Pajcic & Pajcic, P.A.**
*Attorneys for Claimants*
*Tina Riehm, as Personal Representative*
*of the Estate of Jeremie H. Riehm, deceased*
*and Tracey Hatch, as Personal*
*Representative*
*of the Estate of Carey Hatch, Deceased*
One Independent Drive, Suite 1900
Jacksonville, FL 322202
(888) 972-6649

Lloyd Johnson Sarber, III, Esq.
**Marks Gray, PA**
*Attorneys for Claimant*
*SALA Motor Freight Line, LLC*
1200 Riverplace Blvd.
Suite 800
Jacksonville, FL 32207
(904) 398-0900
jsarber@marksgray.com

13

Robert F. Spohrer, Esq.
**Spohrer & Dodd, PL**
*Attorneys for Claimant*
*Jill Jackson d'Entremont*
Suite 2
701 W Adams St
Jacksonville, FL 32204
(904) 309-6500


Daniel W. Matlow
**Daniel W. Matlow, PA**
*Attorneys for Third-Party Defendants*
*Ship or Land Operations Agency, Inc.,*
*Michael Davidson and/or the Estate of*
*Michael Davidson, Intec Maritime Offshore*
*Service Corp.*
4600 Sheridan St, Suite 300
Hollywood, FL 33021
(954) 842-2365
*dmatlow@danmatlow.com*


Brian T. Scarry, Esq.
**HORR NOVAK & SKIPP P.A.**
Attorneys for Claimants
*Great American Insurance Company and*
*RLI Insurance Company*
9130 S. Dadeland Blvd
Suite 1700
Miami, FL 33156
(305) 670-2525
*bscarry@admiral-law.com*

Jason R. Margulies, Esq.
**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
*Attorneys for Claimants/Third-Party Plaintiffs*
*Anna Krause, as Personal Representative of the Estate of Piotr Krause, deceased; Agnieszka Nita, as Personal Representative of the Estate of Marcin Nita, deceased; Malgorzata Podgorska, as Personal Representative of the Estate of Jan Podgorski, deceased; Bozena Truszkowska, as Personal Representative of the Estate of Andrzej Truszkowski, deceased; Agnieszka Zdobych, as Personal Representative of the Estate of Rafal Zdobych, deceased, and Claudia Aparecida Shultz, as Personal Representative of the Estate of Steven Wink Shultz, deceased*
One Biscayne Tower, Suite 1776
2 South Biscayne Blvd.
Miami, FL 33131
(877) 233-1328


Thomas Albert Boyd, Jr., Esq.
**Boyd & Sutter, PA**
*Attorneys for Defendant Claimant*
*Ace American Insurance Company,*
*Claimant Indemnity Insurance Company of*
*North America, Counter Claimant Indemnity*
*Insurance Company of North America,*
*Counter Claimant Ace American Insurance*
*Company*
Suite 1801
6817 Southpoint Pkwy
Jacksonville, FL 32216
(904) 470-0110
*tboyd@boydsutter.com*