UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

In the Matter of The Complaint,

        of                                         Case No.: 3:15-cv-1297-HS-MCR

Sea Star Line, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE Services,
Inc., as Owner *pro hac vice* of the S.S. EL FARO
For Exoneration from or Limitation of Liability
_____/

**ANSWER, AFFIRMATIVE DEFENSES AND CLAIM OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA A/S/O A.M. CAPEN'S CO., INC.**

Claimant, Travelers Property Casualty Company of America a/s/o A.M. Capen's Co., Inc., ("TRAVELERS"), by and through undersigned counsel, hereby files this Answer, Affirmative Defenses and Claim in response to Plaintiffs'/Petitioners' Sea Star Line, LLC d/b/a TOTE Maritime Puerto Rico and TOTE Services, Inc. ("PETITIONERS") Verified Complaint for Exoneration from or Limitation of Liability, and upon information and belief, states as follows:

**ANSWER**

1. TRAVELERS admits the allegations set forth in paragraph 1 of the Verified Complaint.

2. For purposes of jurisdiction only, TRAVELERS admits the allegations set forth in paragraph 2 of the Verified Complaint.

3. TRAVELERS lacks sufficient knowledge or information to respond to the allegations of paragraph 3 of the Verified Complaint, and therefore denies the same.

4. TRAVELERS lacks sufficient knowledge or information to respond to the allegations of paragraph 4 of the Verified Complaint, and therefore denies the same.

5. TRAVELERS lacks sufficient knowledge or information to respond to the allegations of paragraph 5 of the Verified Complaint, and therefore denies the same.

6. TRAVELERS lacks sufficient knowledge or information to respond to the allegations of paragraph 6 of the Verified Complaint, and therefore denies the same.

7. TRAVELERS admits the allegations set forth in paragraph 7 of the Verified Complaint.

8. TRAVELERS denies the allegations set forth in paragraph 8 of the Verified Complaint.

9. TRAVELERS admits that the S.S. EL FARO was lost in a storm on or about October 1, 2015; however, has insufficient knowledge or information to respond to the remaining allegations set forth in paragraph 9 of the Verified Complaint, and therefore denies the same.

10. TRAVELERS denies the allegations set forth in paragraph 10 of the Verified Complaint.

11. TRAVELERS denies the allegations set forth in paragraph 11 of the Verified Complaint.

12. TRAVELERS denies the allegations set forth in paragraph 12 of the Verified Complaint.

13. TRAVELERS lacks sufficient knowledge or information to respond to the allegations of paragraph 13 of the Verified Complaint, and therefore denies the same.

14. Upon information and belief, TRAVELERS admits the allegations set forth in paragraph 14 of the Verified Complaint.

15. TRAVELERS admits the allegations set forth in paragraph 15 of the Verified Complaint.

16. The allegations set forth in paragraph 16 of the Verified Complaint are not statements of fact, but conclusions of law, from which no response is necessary from this Claimant. However, if a response is deemed necessary, TRAVELERS denies the allegations set forth in paragraph 16 of the Verified Complaint.

17. The allegations set forth in paragraph 17 of the Verified Complaint are not statements of fact, but conclusions of law, from which no response is necessary from this Claimant. However, if a response is deemed necessary, TRAVELERS denies the allegations set forth in paragraph 17 of the Verified Complaint.

18. The allegations set forth in paragraph 18 of the Verified Complaint are not statements of fact, but conclusions of law, from which no response is necessary from this Claimant. However, if a response is deemed necessary, TRAVELERS denies the allegations set forth in paragraph 18 of the Verified Complaint, and all sub-paragraphs thereto.

19. TRAVELERS denies all wherefore clauses and prayers for relief.

20. TRAVELERS denies each and every allegation of PETITIONERS' Verified Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

21. This Claimant denies the adequacy of the valuation of the S.S. EL FARO and/or the other vessels in its flotilla as asserted by PETITIONERS.

**Second Affirmative Defense**

22. The allegations of the Verified Complaint fail to state a claim upon which relief may be granted under Rule 12(b)(6), of the Federal Rules of Civil Procedure.

**Third Affirmative Defense**

23. Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Court lacks personal jurisdiction over this Claimant.

**Fourth Affirmative Defense**

24. The Limitation of Liability Act, 46 USC §30501 *et. seq.*, is unconstitutional in that it deprives this Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

**Fifth Affirmative Defense**

25. This Claimant asserts the Flotilla Doctrine. The limitation fund is inadequate and the Complaint should be dismissed because PETITIONERS have failed to deposit adequate security for the vessel and for additional vessels within the flotilla, which were under a common operational control, supervision and enterprise by the PETITIONERS.

**Sixth Affirmative Defense**

26. The limitation fund is inadequate and the Verified Complaint should be dismissed because PETITIONERS have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise of the PETITIONERS.

**Seventh Affirmative Defense**

27. The limitation fund is inadequate and the Verified Complaint should be dismissed because PETITIONERS have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

**Eighth Affirmative Defense**

28. The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the S.S. EL FARO and/or other vessels contained within the flotilla were operated in a willful, wanton and reckless manner or, in the alternative, the conduct and actions which led to Claimant's damages took place with the privity and knowledge of the managing owners, owners *pro hac vice* and/or operators of the vessel involved.

**Ninth Affirmative Defense**

29. The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the S.S. EL FARO and/or the other vessels contained within the flotilla were known by the owners, owners *pro hac vice* and/or operators of the vessel to be unseaworthy.

**Tenth Affirmative Defense**

30. To the extent PETITIONERS and their insurers attempt to avail themselves of the limitation/exoneration defense, this Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances of this loss. In the alternative, no *prima facie* case has been established that they are entitled to avail themselves to the Limitation of Liability Act.

**Eleventh Affirmative Defense**

31. The Verified Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Rule 12(e) of the Federal Rules

of Civil Procedure, and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of their claim and answer herein.

### Twelfth Affirmative Defense

32. The events culminating in the damages of this Claimant are the result of negligence, fault or wanton due care on the part of PETITIONERS and/or those for whom PETITIONERS are responsible, and/or the unseaworthiness of the S.S. EL FARO and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of PETITIONERS, for which the Verified Complaint for Exoneration from or Limitation of Liability should be denied.

### Thirteenth Affirmative Defense

33. This Claimant further alleges that there was insurance coverage on the S.S. EL FARO insuring PETITIONERS in the event of an occurrence such as that which is the subject of Claimants claims and the proceeds of said insurance policies should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### Fourteenth Affirmative Defense

34. This Claimant asserts that the proceeds of any judgment, award or settlement which may be received by PETITIONERS from any third party in recompense of any losses or damages sustained herein to the property or interest of PETITIONERS, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### Fifteenth Affirmative Defense

35. This Claimant reserves the right to contest the appraisal value of the S.S. EL FARO and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**Sixteenth Affirmative Defense**

36.     The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other pertinences, attachments, freight, and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the PETITIONERS.

**Seventeenth Affirmative Defense**

37.     PETITIONERS are not "vessel owners" entitled to seek exoneration from or limitation of liability.

**Eighteenth Affirmative Defense**

38.     This Claimant reserves the right to assert additional affirmative defenses, as not all information is available and known by this Claimant at this time.

**CLAIM**

39.     TRAVELERS realleges and incorporates the foregoing paragraphs as if fully set forth herein.

40.     Pursuant to this Court's Order (Doc. 10), and Notice (Doc. 11), which was subsequently modified by Court Order dated December 16, 2015 (Doc. 81), TRAVELERS timely files this claim for cargo loss in the amount of $37,957.71.

41.     A.M. Capen's Co., Inc. ("AMC") is a purchaser, seller, distributor and exporter of office supplies and furniture.  AMC was the insured of the cargo that is the subject of this claim.

42.     The subrogee, TRAVELERS, was the insurer of the subject cargo, against whom claims have been presented by AMC, and subrogated thereto, and brings this action on its own behalf and is entitled to maintain this action.

43. On or about September 29, 2015, AMC, by and through its agent, tendered sixty-one (61) packages of office supplies to Sea Star Line, LLC, identified as booking number SSL000234591 and shipped in container number FCIU8371420-0, for transportation by Sea Star as a water carrier from the Port of Jacksonville, Florida to the Port of San Juan, Puerto Rico, aboard the S.S. EL FARO. The subject container contained cargo belonging to AMC under Bill of Lading number SSL000234591, which is attached hereto as Exhibit A.

44. The subject AMC Cargo shipped in container number FCIU8371420-0 and shipped under booking number SSL000234591 contained sixty-one (61) packages of office supplies. The subject cargo had a value of $37,957.71. The commercial invoices are attached hereto as Exhibit B.

45. On or about October 1, 2015, the S.S. EL FARO and all her crew and cargo, including all cargo tendered by AMC to Sea Star, which is the subject of this claim, were lost at sea.

46. Sea Star d/b/a TOTE Marine Puerto Rico and/or TOTE Services, Inc. are liable to TRAVELERS a/s/o AMC for the claims asserted herein, and TRAVELERS is entitled to judgment against the PETITIONERS, jointly and severally, and hereby makes claims for said judgment and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN, P.C.**

s/Martin H. Sitler

**Martin H. Sitler, Esquire**
Florida Bar No. 0079075
Primary E-Mail: mhsitler@mdwcg.com

Secondary E-Mail: plbirch@mdwcg.com
200 West Forsyth Street, Suite 1400
Jacksonville, FL 32202
Telephone: (904) 358-4200
Facsimile: (904) 355-0019
*Attorneys for Travelers Property Casualty Company of America a/s/o A.M. Capen's Co., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the United States District Court for the Middle District of Florida, by using the CM/ECF system which will send a notice of electronic filing to All Counsel of Record, this 18th day of January, 2016.

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN, P.C.**

s/Martin H. Sitler

**Martin H. Sitler, Esquire**
Florida Bar No. 0079075
Primary E-Mail: mhsitler@mdwcg.com
Secondary E-Mail: plbirch@mdwcg.com
200 West Forsyth Street, Suite 1400
Jacksonville, FL 32202
Telephone: (904) 358-4200
Facsimile: (904) 355-0019
*Attorneys for Travelers Property Casualty Company of America a/s/o A.M. Capen's Co., Inc.*

19272.00200 [LEGAL/103166893.v1]