## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### IN ADMIRALTY

In the Matter of The Complaint

        of                               Case No. 3:15-cv-1297-HES-MCR

SEA STAR LINES, LLC d/b/a Tote Maritime
Puerto Rico, as owner, and TOTE
SERVICES, INC., as owner *pro hac vice* of
the S.S. EL FARO, for Exoneration from or
Limitation of Liability.

_____ /

## DEFENDANT MICHAEL DAVIDSON AND/OR THE ESTATE OF MICHAEL DAVIDSON'S MEMORANDUM OF LAW IN SUPPORT OF ITS CONSOLIDATED MOTION TO DISMISS ALL WRONGFUL DEATH CLAIMS ASSERTED AGAINST DEFENDANT MICHAEL DAVIDSON AND/OR THE ESTATE OF MICHAEL DAVIDSON TO THE EXTENT THEY SEEK RELIEF BEYOND THE DEATH ON THE HIGH SEAS ACT ("DOHSA"), 46 U.S.C. § 30301 *ET SEQ.*

Hurricane Joaquin "*just kind of circled the area [surrounding the ship] and made a loop of about 100 miles or so,*" U.S. Coast Guard spokesman Chief Petty Officer Ryan Doss told the Bangor Daily News on Saturday. "*It went down and circled around it, and now its going back out almost the same way it came in. It's kind of unbelievable.*" Washington Post, 10/05/2015

                      \*      \*      \*

"*This is a top-notch captain. He's well-educated,*" Bobillot told the A.P. "*He would not have put the life of his crew in danger, and would not have put his own life in danger, had he known there was danger out there. He had the best intentions. He has a family too, and he wanted to go home to them too. That storm just came up way too fast.*" Washington Post, 10/05/2015

### INTRODUCTION

Defendant Michael Davidson (Captain of the EL FARO) and/or the Estate of Michael Davidson (hereinafter "Defendant") by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida, hereby moves the Court for an order dismissing all wrongful death claims and third-party claims

brought against Defendant on grounds other than wrongful death claims brought under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 et seq.  To the extent any claims against Defendant seek relief beyond DOHSA, such claims must be dismissed as a matter of law.  In support of its motion, Defendant states as follows:

On October 1, 2015, the S.S. El Faro was lost at sea along with twenty-eight crew members and five Polish nationals.  The Polish nationals and three crew members ("Claimants") asserted wrongful death claims and third-party claims against the Defendant on grounds other than DOHSA. The Polish nationals settled their respective claims.   The remaining Claimants are:

1. PATRICIA QUAMMIE, as Personal Representative of the Estate of THEODORE QUAMMIE, deceased ("Quammie Third Party Complaint", Dkt. #76): Third Party Complaint filed on December 15, 2015, asserting a cause of action of negligence against Defendant (Dkt. # 76, p. 20);

2. DONNA GRIFFIN (parent), as Personal Representative of the Estate of MITCHELL KUFLIK, and GREGORY KUFLIK (parent) ("Griffin Third Party Complaint", Dkt. # 84): Third Party Complaint filed on December 16, 2015, asserting a cause of action under DOHSA[1] (Dkt. #84, p. 15-16), and of negligence against Defendant (Dkt. #84, p. 22); and,

3. JOANNA JOHNSON, as Personal Representative of the Estate of LONNIE JORDAN ("Johnson Complaint", Dkt. #89): Complaint filed on December 17, 2015, asserting a cause of action of negligence against Defendant (Dkt. #89, p. 8).

---

[1] Defendant will be filing a separate Answer in response to the DOHSA claim asserted by DONNA GRIFFIN (parent) as Personal Representative of the Estate of MITCHELL KUFLIK, and GREGORY KUFLIK (parent).

146815.00602/101905709v.2

As a matter of law, any and all wrongful death claims asserted against Defendant, to the extent they seek relief beyond DOHSA, must be dismissed pursuant to F. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## ARGUMENT

### I.     The Applicability of DOHSA Should
### Be Determined at the Motion to Dismiss Stage.

The determination of the application of DOHSA, and the exclusion and preemption of all other causes of action against the Defendant, is appropriate at this stage of the litigation. A ruling on the applicability of DOHSA early in a case "will prevent unnecessary litigation in the event that DOHSA applies." *See Balachander v. NCL Ltd.,* 800 F. Supp. 2d 1196, 1201 (S.D. Fla. 2011) *quoting Ridley v. NCL (Bahamas) Ltd.*, Case No. 10-22711-CV, 2010 WL 4237329, at *3 n.7 (S.D. Fla. Oct. 14, 2010) (the *Balachander* court ultimately dismissed all counts which alleged non-DOHSA negligence causes of action).

It is undisputed that the El Faro was lost on the high seas. As outlined in *Balachander*, the determining factor of whether DOHSA applies is the location of the injury, which is undisputed here. *See Ridley*, 2010 U.S. Dist. LEXIS 109025, 2010 WL 4237329, at *3, n.6 ("As a matter of law, this Court determines that the location of the negligent actions controls the application of the Death on the High Seas Act."). Further, it is well established that DOHSA cases have never distinguished between negligent acts or omissions occurring on land and those occurring at sea. *See Balachander*, 800 F. Supp. at 1201 ("authority is clear that a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission 'was consummated' in an actual injury, not at the point where previous or subsequent negligence allegedly occurred.") (quoting *Moyer v. Rederi*, 645 F. Supp. 620, 627 (S.D. Fla. 1986)); *see also Motts v. M/V Green*

3

*Wave*, 210 F.3d 565, 567 (5th Cir. 2000) ("DOHSA applies where the decedent is injured on the high seas, even if a party's negligence is entirely land-based and begins subsequent to that injury.").

Thus, as set forth more fully below, DOHSA applies as matter of law and all wrongful death claims brought against Defendant seeking relief beyond DOHSA must be dismissed. *See Balachander,* at 1202.

## II.     To the Extent Claimants' Seek Relief Beyond DOHSA The Claims Must Be Dismissed As a Matter of Law <u>Because DOHSA Preempts All Other Claims.</u>

### A.  Applicable Legal Standard

Under Federal Rule of Civil Procedure 8, a plaintiff is obligated "to provide the 'grounds' of his [or her] 'entitle[ment] to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 46 (1957)) (alteration in original). "A complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face." *Ridley v. NCL (Bahamas) Ltd.*,     F.Supp. 2d    , Case No. 10-22711-CV, 2010 WL 4237329, at *3 n.7 (S.D. Fla. Oct. 14, 2010) (internal citations omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is not sufficient to allege mere elements of a cause of action. Instead "a complaint must allege facts suggestive of [the proscribed] conduct" (*id.* at 563, n. 8), and those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Defendant will concede that at the motion to dismiss stage all facts set forth in Claimants' Answers and Claims are accepted as true and such claims may not be dismissed "unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Oxford*

4

*Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. Fla. 2002). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*; *see also Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("[W]e will not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . .") (quotations omitted). "[Our] duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

In this matter, all claims asserted by Claimants other than the DOHSA claims must be dismissed pursuant to F. R. Civ. P. Rule 12(b)(6) because claimants have failed to state a cause of action upon which relief can be granted. In short, Claimants have not alleged, nor can they, any set of facts which would support a claim other than those brought under DOHSA.

### B.  DOHSA is Preemptive and Provides Claimants' Exclusive Remedy

#### 1.  DOHSA provides the only cause of action which can be asserted against the master, Defendant Michael Davidson, and/or the Estate of Michael Davidson.

DOHSA, 46 U.S.C. § 30301 et seq. (formerly 46 U.S.C. app. § 761 et seq.) provides, in relevant part:

> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C.A. § 30302.

5

DOHSA provides the exclusive remedy for deaths resulting from "wrongful act, neglect, or default occurring on the high seas beyond a marine league...." *Id.* More particularly, DOHSA provides the deceased's personal representative a cause of action in admiralty either *in personam* or *in rem* for the benefit of the deceased's spouse, parent, child, or dependent relative. "The Eleventh Circuit has consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states." *Ridley*, 2010 U.S. Dist. LEXIS 109025 *7. Because the loss of the EL FARO occurred on the high seas beyond three nautical miles from the shore of the United States (which is indisputable and not contested), any wrongful death claims against the Defendant must be brought under DOHSA.

### 2.  DOHSA bars recovery of non-pecuniary damages.

"By its express terms, DOHSA does not permit the award of non-pecuniary damages." *Ridley*, 2010 U.S. Dist. LEXIS 109025 *8-9; *see also Zicherman v. Korean Air Lines Co., Ltd.*, 516 U.S. 217 (1996) ("DOHSA permits only pecuniary damages."); *Sanchez*, 626 F.2d at 1230 ("DOHSA specifically limits recoverable damages to those pecuniary in nature."). As the United States Supreme Court stated in *Mobil Oil Corp. v. Higginbotham*, "Congress did not limit DOHSA beneficiaries to recovery of their pecuniary losses in order to encourage creation of non-pecuniary supplements." 436 U.S. 618, 624-25 (1978).

Accordingly, the Claimants are not permitted to recover non-pecuniary damages from the Defendant.

### 3.  DOHSA preempts state law wrongful death and survivor claims.

It is well-settled that DOHSA preempts all other forms of wrongful death claims under both state law and general maritime law. *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) *citing Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123, 118 S. Ct.

6

1890, 141 L. Ed. 2d 102 (1998) ( DOHSA preempts survival action under general maritime law); *Offshore Logistics Inc. v. Tallentire*, 477 U.S. 207, 227, 106 S. Ct. 2485, 91 L. Ed. 2d 174 (1986) ( DOHSA preempts conflicting state wrongful death statutes); *Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982) ("Where a cause of action exists for wrongful death under [DOHSA], no additional action exists under the federal maritime law for wrongful death"); *see also Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355 (S.D. Fla. 2010) (DOHSA is the exclusive recovery for deaths that occur on the high seas and applies to maritime incidents occurring within the territorial waters of foreign states); *Hughes v. Unitech Aircraft Serv.*, 662 So. 2d 999, 1001 (Fla. 4th DCA 1995) (recognizing preemption of claims under Florida's Wrongful Death Act); *Bailey v. Carnival Cruise Lines, Inc.*, 448 So.2d 1090, 1091 (Fla. 3d DCA 1984) (recognizing the federal Act as an exclusive remedy).

The law is clear that DOHSA: (1) preempts state wrongful death and survival claims; (2) limits recovery to pecuniary damages; and (3) prohibits litigants from supplementing their DOHSA claims with claims brought under state law or the general maritime law. Accordingly, because DOHSA applies here, any wrongful death claims asserted against Defendant that seek relief beyond DOHSA must be dismissed.

### 4. Although DOHSA does not preempt the Jones Act, no claim under the Jones Act may be brought against the Defendant.[2]

It is imperative to note that while DOHSA does not preempt the Jones Act, the Jones Act does not apply to any wrongful death claims brought against the Defendant because the Jones Act remedy is available only against the seaman's employer. *See McAleer v. Smith*, 57 F.3d 109, 115

---

[2] Notwithstanding the Quammie Third Party Complaint, the Griffin Third Party Complaint and the Johnson Complaint do not allege Defendant is liable under the Jones Act, it is important to pre-empt the filing of said claims to avoid wasting judicial resources in the future.

7

(1st Cir. R.I. 1995) citing *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 787 n.6, 93 L. Ed. 1692, 69 S. Ct. 1317 (1949) (the Supreme Court stated that there is "no doubt that under the Jones Act only one person, firm, or corporation can be sued as employer.").

Since a Jones Act action may only be brought against the seaman's employer, any claims (present or future) asserted against the Defendant under the Jones Act must be dismissed.

### 5. DOHSA preempts all wrongful death or injury claims under general maritime law.

Courts have held that where a cause of action exists for wrongful death under DOHSA, no additional action exists under general maritime law for wrongful death caused by negligence. *See Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. Fla. 1982); *see also Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) ("Where a cause of action exists for wrongful death under [DOHSA], no additional action exists under the federal maritime law for wrongful death") (quoting *Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982))); *Tello v. Royal Caribbean Cruises, Ltd.*, 939 F. Supp. 2d 1269, 1275 (S.D. Fla. 2013); *see also California Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 832 (9th Cir. 1989)(no cause of action exists for negligence under general maritime law independent of that authorized by the Jones Act); *The Norland*, 9 Alaska 471, 101 F.2d 967, 973 (9th Cir. 1939); *Ivy v. Security Barge Lines, Inc.*, 606 F.2d 524, 525 (5th Cir. Miss. 1979); *McAleer v. Smith*, 818 F. Supp. 486, 494-496 (D.Ri. 1993) (General maritime law does not afford seamen a cause of action for negligence against masters); *Kennedy v. Gulf Crews, Inc.*, 750 F. Supp. 214 (W.D.La. 1990) (Jones Act seaman prohibited from recovery against master of the vessel).

Accordingly, as a matter of law, all negligence claims against Defendant must also be dismissed.

8

## CONCLUSION

For the foregoing reasons, Defendant Michael Davidson and/or the Estate of Michael Davidson respectfully requests that the motion to dismiss with prejudice all wrongful death claims seeking relief beyond DOHSA asserted against Defendant be granted, and that Defendant be awarded all other relief to which Defendant may be entitled.

Respectfully submitted,

BLANK ROME LLP


By:/s/ *Richard E. Berman*

Richard E. Berman, Esq.
Florida Bar No.: 254908
500 E. Broward Blvd.
Suite 2100
Ft. Lauderdale, FL 33394
Telephone: (954) 512-1832
Facsimile: (954) 512-1785
RBerman@BlankRome.com
BocaEservice@BlankRome.com
DLewis@BlankRome.com
*Attorneys for Michael Davidson and/or the Estate of Michael Davidson*


Respectfully submitted,
BLANK ROME LLP


By:/s/ *William R. Bennett, III*

William R. Bennett, III
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
WBennett@blankrome.com
***Pending Admission Pro Hac Vice***
*Attorneys for Michael Davidson and/or the Estate of Michael Davidson*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on this January 22, 2016, which will be served by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record.

**BLANK ROME LLP**

By: */s/ Richard E. Berman*
Richard E. Berman

10