UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

------------------------------------------------------------------------x

In the Matter of the Complaint

      Of

Sea Star Lines, LLC, d/b/a TOTE
Maritime Puerto Rico, As Owners; and
TOTE Services, Inc., as Owner *pro hac vice* of the S.S. EL FARO for
Exoneration from or Limitation of
Liability

Case No.: 3:15-CV-01297(HES)(MCR)

**CROSS-CLAIM
AGAINST UPS GROUND
FREIGHT, INC.**

------------------------------------------------------------------------x

AGCS MARINE INSURANCE COMPANY, PFIZER
PHARMACEUTICALS LLC and PFIZER, INC.,

      Cross-Claimants,

   -against-

UPS GROUND FREIGHT, INC.,

      Cross-Defendant,

------------------------------------------------------------------------x

     Cross-Claimants, AGCS MARINE INSURANCE COMPANY ("AGCS"), PFIZER PHARMACEUTICALS LLC and PFIZER, INC. (collectively referred to herein as "PFIZER"), by their attorneys, the Law Office of Robert A. Craven and Nicoletti Hornig & Sweeney, as and for their Cross-Claim against UPS GROUND FREIGHT, INC. ("UPS") allege the following upon information and belief:

FIRST: That this is an admiralty and maritime claim within Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

SECOND: That at all times hereinafter mentioned, Cross-Claimant AGCS was and now is a marine insurance underwriter incorporated under and by virtue of the laws of the State of Illinois, with an office and principal place of business in Illinois.

THIRD: Cross-Claimant AGCS is duly subrogated in interest to the cargo shipments owned by Henry Schein, Inc. and shipped in container number GESU6623517 under Sea Star Bill of lading number SSL000228036. Cross-Claimant AGCS brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Cross-Claimant AGCS is entitled to maintain this action.

FOURTH: That at all times hereinafter mentioned, PFIZER was and is now a pharmaceutical company incorporated under and by virtue of the laws of the State of Delaware, with an office and principal place of business in New York.

FIFTH: Cross-Claimant PFIZER owned cargo shipped in:

i. container number BMOU4599368 under Sea Star Bill of lading number SSL000228719;

ii. container number CRSU9254466 under Sea Star Bill of lading number SSL000228718; and

iii. container number GESU6623517 under Sea Star Bill of lading number SSL000228036.

SIXTH: Upon information and belief, Cross-Defendant UPS was and now is engaged in business as a common carrier of merchandise for hire, and was and now is incorporated under the laws of one of the states of the United States, with an office and place of business at 1000 Semmes Avenue, Richmond, Virginia 23218.

SEVENTH: On or about September 29, 2015, at the port of Jacksonville, Florida, the cargoes insured and owned by the Cross-Claimants were shipped and delivered to Cross-Defendant UPS and the S.S. EL FARO, as common carriers, said cargoes then being in good order and condition, and Cross-Defendant UPS and the S.S. EL FARO then and there accepted said cargoes so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of San Juan, Puerto Rico, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees listed in the bills of lading issued therefore by Cross-Defendant UPS.

EIGHTH: Thereafter, the S.S. EL FARO sank while at sea, with the loss of all cargo, all in violation of Cross-Defendant UPS' and S.S. EL FARO's obligations and duties as common carrier of merchandise by water for hire.

NINTH: By reason of the premises, Cross-Claimant AGCS has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $51,015.57.

TENTH: By reason of the premises, Cross-Claimant PFIZER has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $30,572.90.

ELEVENTH: Cross-Claimants assert this Cross-Claim herein without prejudice to claims made against Sea Star Line, LLC d/b/a TOTE Maritime Puerto Rico and TOTE Services, Inc. in the limitation proceedings.

**WHEREFORE,** Cross-Claimants pray:

1. That judgment be entered in favor of Cross-Claimants on their Cross-Claim herein against Cross-Defendant UPS for the amount of Cross-Claimants' damages together with interest and costs and the disbursements of this action; and

2. That this Court will grant to Cross-Claimants such other and further relief as may be just and proper.

Dated: New York, New York
       March 4, 2016

LAW OFFICE OF ROBERT A. CRAVEN

By: <u>Robert A. Craven</u>
Robert A. Craven, Esq.
3637 Fourth St. North, Suite 290
St. Petersburg, Florida 33704
Tel: (727) 895-5700
Fax: (727) 895-5710
E-mail: r.craven@verizon.net

-and-

NICOLETTI HORNIG & SWEENEY

By: <u>James F. Sweeney</u>
James F. Sweeney, Esq.
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Tel: (212) 220-3830
Fax: (212) 220-3780
E-mail: jsweeney@nicolettihornig.com
File No.: 00001183 JFS/CR

*Attorneys for Cross-Claimants*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on March 4, 2016, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

                                                                                        /s/ James F. Sweeney  
                                                                                           JAMES F. SWEENEY