UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

---

In the Matter of The Complaint

of

Sea Star Line, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE Services,
Inc., as Owner *pro hac vice* of the S.S. EL
FARO for Exoneration from or Limitation of
Liability

Case No. 3:15-cv-1297-HES-MCR

---

## PETITIONERS' MOTION TO LIMIT DISCOVERY

Petitioners, Tote Maritime Puerto Rico, LLC f/k/a Sea Star Line, LLC, and TOTE Services, Inc., (collectively referred herein as "Petitioners"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, the Local Rules and this Court's directive within the Case Management Report, file their Motion to Limit Discovery, and in support, state as follows:

### Introduction

The instant limitation of liability proceeding arises from the loss of the S.S. EL FARO and its crew on October 1, 2015. Although there are 12 remaining Wrongful Death Claimants, the liability issues to be determined by this Honorable Court are uniform amongst all of the remaining Wrongful Death Claimants. Specifically, the sole issue to first be determined is whether any negligence of the vessel owners/operators and/or unseaworthiness of the vessel was the cause-in-fact or proximate cause of the sinking of the S.S. EL FARO. If the Wrongful Death Claimants are able to meet this burden, then Petitioners must show that they did not have privity or knowledge of any such negligence and/or unseaworthiness.

The liability issues to be determined by this Honorable Court are likewise uniform amongst all of the remaining Cargo Claimants. Specifically, the first issue to be determined is the proximate cause of the sinking of the vessel and if such is among the exemptions from liability available to the carrier and the vessel under the Carriage of Goods by Sea Act ("COGSA"), including, but not limited to, act, neglect or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the vessel; perils, dangerous or accidents of the seas or other navigable waters; Act of God; latent defects not discoverable by due diligence; and any other cause arising without the actual fault or privity of the carrier. The shifting burdens of proof under COGSA are summarized as follows:

1. Cargo interests have the burden of proving a loss at sea.
2. The burden of proof shifts to the vessel owner to establish that the loss came from a statutory exception to COGSA.
3. The burden then returns to shipper to show, at a minimum, a concurrent cause of loss in the fault or negligence of the carrier, unless it is a type of negligence excluded under COGSA.
4. The carrier then has the burden of allocating the loss between (1) the loss caused by its fault and negligence and (2) the loss covered by the exception.

The same limitation of liability concepts as with the Wrongful Death Claimants apply to the cargo claims. Accordingly, the scope of discovery should be limited to the reasonable needs of the action.

There is simply no need for multiple and excessive requests for admissions, interrogatories, requests for production and depositions as proposed by the Wrongful Death Claimants in the parties' case management report (Doc. 382 at pp. 7-12). Written discovery requests in excess of 300 or 400 will be unreasonably cumulative, duplicative and unduly burdensome on Petitioners and the action generally. The same applies to the number of fact

depositions to be taken. Petitioners request this Court limit the number of written discovery requests and depositions on these core liability issues that are germane to all Wrongful Death and Cargo Claimants.

## Background Facts

1. On June 1, 2016, the Parties filed their Case Management Report ("CMR"). (Doc. 382)  As noted in the CMR, the Parties disagree on the number of written discovery requests and depositions to be had in this limitation of liability proceeding. *Id*. at pp. 7-12.

2. Regarding Requests for Admission, Petitioners propose 30 Requests *per side*. *Id*. at p. 7.  Wrongful Death Claimants do not agree to an initial limit of 30. *Id*.  If each Wrongful Death Claimant served a minimum of 30 requests, this would result in 360 Requests for Admission from Wrongful Death Claimants alone.  By way of comparison, Cargo Claimants agreed to a group request, although they also do not agree to the proposed 30 requests. *CMR* at pp. 7-8.

3. Regarding Interrogatories, Petitioners propose 25 Interrogatories *per side*. *Id*. at p. 8. Wrongful Death Claimants do not agree and have proposed 25 Interrogatories *per party*. *Id*. at p. 8. This proposal would result in a minimum of 300 Interrogatories from Wrongful Death Claimants alone. By way of comparison, Cargo Claimants agreed to a group request, although they also do not agree to the proposed 25 requests. *Id*. at pp. 8-9.

4. Regarding Requests for Production, Petitioners propose 30 Requests *per side*. *CMR* at p. 9.  Wrongful Death Claimants have already collectively propounded 159 Requests for Production and intend on serving additional requests. *Id*.   Thus, the proposed Requests for Production will be endless.  By way of comparison and example, Cargo Claimants agreed to a group request, although they also do not agree to the proposed 30 requests and have in fact

3

already served an additional 131 Requests for Production. *Id*. at pp. 9-10.

5. Regarding fact depositions, Petitioners propose 20 depositions per side without leave of Court and further propose that the time for each respective deponent be limited in accordance with Fed.R.Civ.P.30(d). *Id*. at p. 10. Wrongful Death Claimants Hargrove, Solar-Cortes, Thomas and Crawford do not disagree with limiting fact depositions to 20 per side without leave of Court (they in fact believe that far fewer than 20 fact depositions will be required in this case). *CMR* at p. 10. However, these Claimants have proposed that the time limit for depositions be extended two (2) days (not to exceed 7 hours per day). *Id*.

Wrongful Death Claimants Champa and Whigham take the position that there should be no limitation on the number of depositions or length of depositions at this time and that any limitation as to the length should be "on the order of 4 days, 7 hours per day." *Id*. at p. 11. Cargo Claimants likewise do not agree to a limit of 20 fact depositions. *Id*. at p. 12.

6. This Court's uniform case management report provides as follows:

> 6.<u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven (11) days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

*CMR* at p. 15, ¶6.

**Memorandum of Law**

Federal Rule of Civil Procedure 26 defines the scope of discovery in a civil action. Rule 26 provides in pertinent part as follows:

> …
> (b) **Discovery Scope and Limits**.
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action,

4

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
(2) *Limitations on Frequency and Extent*.
(A) When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
…
(C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED.R.CIV.P.26 (2016).

A trial court has "wide discretion in setting the limits of discovery." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)(citing *Blum v. Gulf Oil Corp.,* 597 F.2d 936, 938 (5th Cir.1979)); *see also Polk v. Nugent*, 554 Fed. Appx. 795, 798 (11th Cir. 2014)(a trial court has "wide discretion in setting the limits of discovery" through protective orders)(internal citations omitted); *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012)("the court ... has the authority to confine discovery to the claims and defenses asserted in the pleadings…."); *Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005)("Upon motion by a party, and for good cause shown, a district court can limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....")(internal citations omitted).

The Eleventh Circuit has stated that "[j]udicial intervention in discovery should limit the scope to the reasonable needs of the action." *Smith v. Governor for Alabama*, 562 Fed. Appx.

806, 811 (11th Cir. 2014)(citing to *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1306 (11th Cir.2011)). Petitioners submit that judicial intervention is necessary to limit the scope of discovery to the reasonable needs of this limitation of liability proceeding. Additionally and pursuant to Federal Rule of Civil Procedure 26, this Court "must limit the frequency or extent of discovery" where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED.R.CIV.P.26 (2016); *Florence v. Novo Nordisk Inc.*, 569 Fed. Appx. 906, 908-09 (11th Cir. 2014).

The burden of proof in a limitation of liability proceeding is a two-step process. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir. 1990); *Carr v. PMS Fishing Corp.*, 191 F.3d 1 (1st Cir. 1999). The core liability issues begin with the claimants' initial burden of proving negligence or unseaworthiness of the vessel as having been the cause-in-fact or the proximate cause of the casualty. *Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 317 (5th Cir. 1995). If claimants are unable to meet their burden by a preponderance of the evidence, the Petitioners are entitled to exoneration. If, however, the claimants are able to meet their burden by a preponderance of the evidence, then the burden shifts to Petitioners to show, also by a preponderance of the evidence, that any such negligence or unseaworthiness was not within their privity or knowledge. *Coryell v. Phipps*, 317 U.S. 406, 409 (1943); *Coleman v. Jahncke Service, Inc.*, 341 F.2d 956, 958 (5th Cir.1965), cert. denied, 382 U.S. 974 (1966).

As seen above, these core liability issues are uniform amongst all of the remaining Wrongful Death and Cargo Claimants. As such, discovery should not be unreasonably cumulative or duplicative as proposed by the Wrongful Death and Cargo Claimants. This initial limitation of discovery can be revisited at a later date should circumstances warrant a change and

require additional discovery.

**WHEREFORE**, Petitioners respectfully request this Court limit discovery, as it pertains to the remaining Wrongful Death Claimants, as follows: (a) 30 Requests for Admissions per side; (b) 25 Interrogatories per side; (c) 30 Requests for Production per side; and (d) 20 fact depositions per side without leave of Court, limiting the time for each respective deponent in accordance with Fed.R.Civ.P.30(d).  Petitioners further respectfully request this Court provide for the same of limit of discovery, as it pertains to the remaining Cargo Claimants.

### Local Rule 3.01(g) Certification

Petitioners certify that they conferred with opposing counsel during the case management conference in an effort to resolve the matters raised in the instant motion without Court intervention.  However, the parties were unable to reach an agreement on these issues, as noted in the parties Case Management Report filed June 1, 2016 (Doc. 382).

Dated: June 12, 2016

Respectfully Submitted,

/s/ Jerry D. Hamilton                          /s/ Allan R. Kelley

| | |
|---|---|
| **JERRY D. HAMILTON**<br>Florida Bar No. 970700<br>jhamilton@hamiltonmillerlaw.com<br>**ROBERT B. BIRTHISEL**<br>Florida Bar Number: 906654<br>rbirthisel@hamiltonmillerlaw.com<br>**WILLIAM F. CLAIR**<br>Florida Bar Number: 693741<br>wclair@hamiltonmillerlaw.com<br>**JULES V. MASSEE**<br>Florida Bar Number: 0041554<br>jmassee@hamiltonmillerlaw.com<br>**KARINA M. CERDA-COLLAZO**<br>Florida Bar No. 0626775<br>kcerda@hamiltonmillerlaw.com<br><br>**HAMILTON, MILLER & BIRTHISEL, LLP** | **GEORGE D. GABEL, JR.**<br>Florida Bar No. 27220<br>George.gabel@hklaw.com<br>**HOLLAND & KNIGHT, LLP**<br>50 North Laura Street, Suite 3900<br>Jacksonville, Florida 32202<br>Telephone: (904) 353-2000<br>Facsimile: (904) 358-1872<br>*Attorneys for Tote Maritime Puerto Rico, LLC, f/k/a Sea Star Line, LLC, and Tote Services, Inc.*<br><br><br>**ALLAN R. KELLEY**<br>Florida Bar No. 309893<br>akelley@fowler-white.com |

| | |
|---|---|
| 150 Southeast Second Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 379-3686<br>Facsimile: (305) 379-3690<br>*Attorneys for Tote Maritime Puerto Rico, LLC, f/k/a Sea Star Line, LLC, and Tote Services, Inc.* | **FOWLER WHITE BURNETT, P.A.**<br>Brickell Arch, Fourteenth Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131<br>Telephone: (305) 789-9200<br>Facsimile: (305) 789-9201<br>*Attorneys for Tote Maritime Puerto Rico, LLC, f/k/a Sea Star Line, LLC, and Tote Services, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a copy of the foregoing has been furnished to all counsel of record via the CM/ECF system on this 12th day of June, 2016.

/s/ *Jerry D. Hamilton*
Jerry D. Hamilton, Esq.