UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 15–cv–01297–HES–MCR

AT LAW AND IN ADMIRALTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In the Matter of the Complaint :
:
of :
: Case No. 3:15-cv-1297-HES-MCR
:
Sea Star Line, LLC, d/b/a TOTE Maritime :
Puerto Rico, as Owners, and TOTE Services, :
Inc., as Owner *pro hac vice* of the S.S. EL :
FARO for Exoneration from or Limitation of :
Liability :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**WRONGFUL DEATH CLAIMANTS
JARVON WHIGHAM, VALMA CHAMPA, PATRICIA QUAMMIE,
JILL JACKSON-DENTREMONT, CLAUDIA APARECIDA SHULTZ, TINA RIEHM,
TRACY HATCH, TRIVONDA PORTER AND DONNA GRIFFIN'S
RESPONSE IN OPPOSITION TO PETITIONERS'
MOTION TO LIMIT DISCOVERY [D.E. 392]**

VALMA CHAMPA ("Champa") individually and as Personal Representative of the Estate of LOUIS M. CHAMPA, JR., deceased, JARVON WHIGHAM ("Whigham"), individually and as son of JACKIE ROBERT JONES, JR., deceased, PATRICIA QUAMMIE ("Quammie"), as Personal Representative of the Estate of THEODORE QUAMMIE, deceased, JILL JACKSON-D'ENTREMONT ("Jackson"), Claimant, CLAUDIA APARECIDA SHULTZ ("Shultz"), as Personal Representative of the Estate of STEVEN WINK SHULTZ, deceased, Claimant, TINA RIEHM ("Riehm"), Claimant, TRACEY HATCH ("Hatch"), Intervenor, TRIVONDA PORTER ("Porter") TRIVONDA PORTER, as Mother and next best friend of A.T. (a minor), and Claimant DONNA

1

GRIFFIN ("GRIFFIN"), as Personal Representative of the Estate of MITCHELL KUFLIK and in Donna Griffin's and Gregory Kuflik's individual capacities (hereinafter referred to as "Wrongful Death Claimants"), by and through their undersigned counsel, hereby file their Response in Opposition to Petitioners' Motion to Limit Discovery [D.E. 392], and in support thereof respond as follows:

A. **INTRODUCTION**

1. The Petitioners have requested this Court to limit all Claimants' discovery in this Limitation proceeding after they have previously refused to provide Fed. R. Civ. P. 26 Initial Disclosures or responses to Claimants' discovery requests. The Petitioners have incorrectly used 49 C.F.R. § 831.13(b) and a March 25, 2016 letter from the National Transportation Safety Board ("NTSB") as a shield to prevent disclosure of any information regarding the sinking of their *El Faro*. Further, virtually all discoverable information is in the possession, custody, and control of the Petitioners. For the reasons outlines below, the Petitioners' Motion to Limit Discovery should be denied.

B. **BACKGROUND**

2. On October 30, 2015, the Petitioners initiated the instant Limitation Action.

3. On February 26, 2016, pursuant to Fed. R. Civ. P. 26(d)(2), Wrongful Death Claimants Whigham, Champa, Quammie, Jackson, Shultz, Riehm, Hatch, and Porter served the Petitioners with their First Request for Production.

4. On March 28, 2016, the Petitioners served their objections to all of the Wrongful Death Claimants' First Request for Production to Petitioners. A copy of the Petitioners' responses and objections to the Wrongful Death Claimants' First Request for Production to Petitioners is attached hereto as **Exhibit A**. The Petitioners are in possession, custody,

or control of most, if not all relevant information and/or documents which are pertinent to the issues in this Limitation proceeding.

5. The Petitioners have objected to the production of **any** documents and have incorrectly relied upon a March 25, 2016 letter from the NTSB and 49 C.F.R. 831.13(b). A copy of the March 25, 2016 letter from the National Transportation Safety Board is attached hereto as **Exhibit B**.

6. The NTSB's March 25, 2016 letter establishes that the Petitioners' objection to the production of **all** documents which they have produced to the NTSB during the NTSB's investigation regarding the sinking of the *El Faro* is improper. The NTSB's March 25, 2016 letter states in pertinent part:

> "Investigative information" is, however, limited to material or information submitted to or developed during the NTSB investigation, **and created contemporaneously with or subsequent to the accident**.

(Emphasis added) *See* **Exhibit B** attached hereto**.**

7. The NTSB, after directly quoting the Wrongful Death Claimants' Request for Production No.3 which requests any documents that TOTE has produced to the NTSB during the NTSB's *El Faro* investigation, clarifies to TOTE that only "**some**" of the documents which are responsive to Wrongful Death Claimants' request are protected from disclosure:

> **Some** documents that would be responsive to request number three would be considered NTSB investigative information, and thus may not be released. For example, this would include information **created at the request of NTSB for purposes of this investigation**.

(Emphasis added) *See* **Exhibit B** attached hereto**.**

8. Further, the Petitioners have refused to comply with Fed. R. Civ. P. 26(a)(1). The

3

Petitioners have not provided the Wrongful Death Claimants with an Initial Disclosure which identifies (1) the name, address, telephone number of each individual likely to have discoverable information which the Petitioners may use to support their claims or defenses; and (2) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the Petitioners have in their possession, custody, or control and may use to support their claims (which have already been provided to the NTSB).

9. Furthermore, the Petitioners have refused to comply with Fed. R. Civ. P. 26(b)(5)(A) and provide a privilege log which describes the nature of the documents, communications, or tangible things not produced or disclosed.

10. Now, after refusing to provide **any** information pertinent to the issues in this Limitation proceeding the Petitioners have requested this Court to limit the Wrongful Death Claimants' and Cargo Claimants' interrogatories, request for admission, request for production, and depositions to a number less than the amount of people who died as result of the sinking of their *El Faro*.

C. **THE PETITIONERS' PROPOSED LIMITATION ON DISCOVERY HINDERS THE WRONGFUL DEATH CLAIMANTS FROM ADEQUATE DISCOVERY IN THIS COMPLEX CASE**

11. Fed. R. Civ. P. 26(b)(1) states in pertinent part:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action**, the amount in controversy, **the parties' relative access to relevant information**, the parties' resources, **the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit**. Information within this scope need not be admissible in evidence to be discoverable.

4

(Emphasis added). *See* Fed. R. Civ. P. 26(b)(1).

12. The Advisory Committee has stated in its notes regarding the 2015 Amendment to Fed. R. Civ. 26(b)(1) the following:

> Some cases involve what is often called "information asymmetry." One party – often an individual plaintiff – may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. **In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so**.

(Emphasis added). *See* Fed. R. Civ. P. 26 advisory committee's 2015 note.

13. The situation identified in the advisory committee's 2015 notes is the exact situation here. The Petitioners are in possession, custody, and control of **all** information which is relevant to the issues in this Limitation action. Further, the Petitioners have already provided over 100,000 documents to the NTSB during the NTSB's continuing investigation regarding the sinking of the Petitioners' *El Faro*. Moreover, the Petitioners are aware of most, if not all witnesses who may have knowledge and/or information relevant to the issues in this Limitation proceeding.

14. For these reasons, the Petitioners' proposed discovery limitation of 25 interrogatories, 30 request for admission, and 30 request for production *per side* is unfair and unreasonable considering the fact that discovery in this case will likely yield hundreds of thousands of pages of documents, and hundreds, if not thousands of witnesses.

**D.  THE DISCOVERY WHICH WILL BE SOUGHT BY THE WRONGFUL DEATH CLAIMANTS HAS NOT BEEN AND WILL NOT BE UNREASONABLY CUMULATIVE OR DUPLICATIVE, AND CANNOT BE OBTAINED FROM ANY OTHER SOURCE**

15. Fed. R. Civ. P. 26(b)(2)(C) states in pertinent part:

>   *When Required*. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>   (i)   the discovery sought is **unreasonably cumulative or duplicative**, or **can be obtained from some other source that is more convenient, less burdensome**, or less expensive

(Emphasis added). *See* Fed. R. Civ. P. 26(b)(2)(C).

16. The Petitioners speculatively claim that the Wrongful Death Claimants and the Cargo Claimants (all of whom have separate interests) will propound identical discovery requests. However, the Petitioners fail to present to this Court any discovery request from any claimant which they deem to be objectionable, duplicative, cumulative, burdensome, or capable of being obtained from a third-party source.

17. First, the Wrongful Death Claimants have not and do not intend to propound any discovery requests which are cumulative, duplicative, or unnecessary. If the Petitioners believe that they have been served with objectionable, duplicative, cumulative, or burdensome discovery requests then the Petitioners can bring the matter to the attention of the Court at that time. However, the Court should not limit discovery based upon the Petitioners' speculative assertion that it will face cumulative, duplicative, or unnecessary discovery.

18. Further, this Limitation action is focused on the negligence of the Petitioners. Consequently, most, if not all of the relevant and discoverable information is in the Petitioners' possession, custody, and control. Therefore, the Wrongful Death Claimants cannot obtain relevant and discoverable information from any other source than the Petitioners.

**E.     THE PETITIONERS' REQUEST FOR THE COURT TO LIMIT THE CLAIMANTS TO 20 FACT DEPOSITIONS IS UNFAIR AND UNREASONABLE**

19. The Petitioners have requested the Court to limit the amount of fact depositions to 20 *per side*. As mentioned above, the Petitioners have refused to comply with Fed. R. Civ. P. 26(a)(1) and have not identified the name, address, or telephone number of each individual likely to have discoverable information which the Petitioners may use to support their claims and/or defenses. However, based upon information and belief, the Petitioners are aware of more than 100 individuals who have previously worked aboard the El Faro, who were familiar with the physical condition of the *El Faro* near the time of its sinking, or who previously conducted repairs and/or maintenance to the *El Faro*.

20. For these reasons, the Petitioners proposed limitation of 20 fact witness depositions per side is unreasonable, unfair, and prevents the claimants from obtaining full and adequate discovery.

**F.     THE PETITIONERS' PROPOSED TIME LIMITATION FOR FACT WITNESS DEPOSITIONS IS IMPRACTICAL, UNFAIR, AND UNREASONABLE**

21. The Petitioners have proposed a time limitation for each fact witness deposition to 1 day of 7 hours. However, Fed. R. Civ. P. 30(d)(1) permits a Court to extend the time permitted for deposition. In this action there are more than 40 parties. Additionally, there are 33 attorneys who represent the Claimants in this action. As a result, it is impractical and unreasonable to limit each fact witness deposition to a single day for 7 hours. If each fact witness deposition is limited to a single day for 7 hours each claimant will be unable to conduct full and fair discovery. Therefore, the Petitioners' proposed time limitation for fact witness depositions should be denied.

**G.    CONCLUSION**

For the aforementioned reasons, the Petitioners' proposed impractical, unreasonable, and unfair limitations on discovery in this Limitation action should be denied.

          Respectfully Submitted,

    By:    *s/BRETT D. SAGER*
          **JOHN H. HICKEY, ESQ.**
          FBN: 305081
          **BRETT SAGER, ESQ**
          FBN: 91636
          **HICKEY LAW FIRM, P.A.**
          1401 Brickell Avenue, Suite 510
          Miami, Florida 33131-3504
          Telephone: (305) 371-8000
          Facsimile: (305) 371-3542
          hickey@hickeylawfirm.com
          bsager@hickeylawfirm.com
          *Attorneys for CHAMPA and WHIGHAM*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a copy of the foregoing has been furnished to all counsel of record via the CM/ECF system on this 6th day of July, 2016.

    By:    *s/BRETT D. SAGER*
          **JOHN H. HICKEY, ESQ.**
          FBN: 305081
          **BRETT SAGER, ESQ**
          FBN: 91636
          **HICKEY LAW FIRM, P.A.**
          1401 Brickell Avenue, Suite 510
          Miami, Florida 33131-3504
          Telephone: (305) 371-8000
          Facsimile: (305) 371-3542
          hickey@hickeylawfirm.com
          bsager@hickeylawfirm.com
          *Attorneys for CHAMPA and WHIGHAM*