UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY

In the matter of the Complaint

of

Sea Star Line, LLC, d/b/a TOTE Maritime
Puerto Rico, as Owners; and TOTE
Services, Inc., as Owner *pro hac vice* of
the S.S. EL FARO for Exoneration from
or Limitation of Liability.
_____/

CASE NO. 3:15-cv-1297-J-20MCR

**ORDER**

**THIS CAUSE** is before the Court on Petitioners' Motion to Disqualify Arnold & Itkin, LLP from Representing Multiple Claimants (Hargrove, Solar-Cortes & Thomas) ("Motion") (Doc. 551), Claimants Mildred Solar Cortes's, Tinisha Renee Thomas's, and Terrie Hargrove's Response thereto (Doc. 568), Petitioners' Reply (Doc. 586), and Claimants' Sur-Reply (Doc. 592).[1]  Although Petitioners filed a Request for Oral Argument on the Motion (*see* Doc. 552), oral argument is not necessary to reach a decision, and, therefore, this request is denied.

Petitioners move for disqualification of the law firm Arnold & Itkin, LLP ("A&I"), claiming a non-waivable conflict of interest in representing three of the five remaining wrongful death claimants, Hargrove, Solar-Cortes and Thomas, under Florida Rule of Professional Conduct 4-1.7(b)(3), due to the limited fund to

---

[1] The Reply and the Sur-Reply were filed pursuant to the Court's January 19, 2017 Endorsed Order.  (Doc. 575.)

be shared amongst the remaining claimants.[2]  Claimants respond, in relevant part:

> The parties **are currently litigating** and this Court **has not decided** whether the Petitioners' liability relating to the deaths of Mrs. Hargrove's, Mrs. Solar Cortes's, and Mrs. Thomas's (collectively, "A&I's Clients") husbands is limited to the limitation fund to which Petitioners stipulated.  Thus the purported conflict— "adverse and competing interests with respect to damages and distribution of the limitation fund," —is not a "direct" conflict or a conflict presenting "substantial risk" of material limitation in A&I's representation under Florida Rule of Professional Responsibility 4-1.7[.] It is instead a hypothetical conflict that can be waived should it ever ripen into an actual Rule 4-1.7 conflict.[3]  Now and for the foreseeable future, A&I's Clients' "interests are **very much aligned** concerning [the Petitioners'] liability and whether the Limitation Act applies."

(Doc. 568 at 2 (internal citations omitted).)  In their Sur-Reply, Claimants advise that the purported conflict has been waived by each client in writing.  (Doc. 592 at 1 & n.2 ("A&I will provide the waivers to the Court *in camera* should the Court request them.").)  Claimants further explain that this conflict emerges only if:

> (i) this Court determines after a trial that the Petitioners may limit their liability, (ii) that the Petitioners have properly funded the limitation fund, (iii) that the value of the limitation-fund is inadequate to cover A&I's Clients' claims, (iv) that A&I's Clients may not pursue their individual claims against the Petitioners in state courts; and (v) if other courts determine that A&I's Clients do not have legally or factually viable claims against parties *other than the Petitioners* for

---

[2] Petitioners state that the relief sought in their present Motion equally applies to the law firm Mombach, Boyle, Hardin & Simmons, P.A., which also represents Claimants in this action.

[3] A&I has apprised its Clients of this hypothetical conflict.  A&I's Clients desire that A&I continue their representation and A&I will continue to advocate for successful resolution of each client's independent claims against the Petitioners and others.

their losses.

(*Id.* at 1 (footnotes omitted).)

The Court agrees with Claimants that the purported conflict is merely hypothetical at this point of the proceedings. *See In re SeaStreak, LLC*, Civ. No. 2:13-00315 (WJM), 2014 WL 1272125, *6 (D.N.J. Mar. 27, 2014) ("The Court acknowledges the possibility that a conflict of interest may arise later, during the damages portion of the trial, if the limitation fund is upheld. . . . Although Claimants could eventually have competing interests depending upon the outcome of several issues, their interests are very much aligned concerning SeaStreak's liability and whether the Limitation Act applies."). In Petitioners' own words, "[t]he representation of Claimants Hargrove, Solar-Cortes and Thomas **does** involve the assertion of an adverse position to each other before this Honorable Court *once the litigation progresses to the damages phase*." (Doc. 551 at 6-7 (italics added); *see also id.* at 10 ("Arnold & Itkin, LLP cannot provide zealous and effective representation to these Claimants *once the case reaches the damages portion* as these three (3) claimants will be competing against each other in an effort to maximize the value of their respective claims.") (italics added).) Also, as in *SeaStreak*, this Court is concerned that the present Motion, in which Petitioners assert there is a conflict on behalf of opposing counsel's clients, was likely made for strategic purposes. 2014 WL 1272125 at *6. After a careful consideration of the parties' positions and the applicable rules and law,

3

the Court does not find that Petitioners have met their burden of proving that compelling reasons exist to disqualify Claimants' counsel. *See In re: Am. Marine Corp. & Am. Workboats, Inc.*, Case No.: 6:14-cv-1304-Orl-18GJK, 2015 WL 12915705, *2 (M.D. Fla. June 25, 2015) ("Disqualification of counsel is an extraordinary remedy, and such motions are generally viewed with skepticism because they are often made for tactical purposes. The Shipowners, as the moving party, have the burden of proving the grounds for disqualification. Because a party is presumptively entitled to the counsel of his choice, that right may be overriden only if compelling reasons exist.") (internal citations and quotation marks omitted).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 551**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on February 6, 2017.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

4